■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHELE PERGOLIZZI, Appellant. [722 NYS2d 849] —Judgment unanimously reversed on the law, plea vacated and matter remitted to Supreme Court for further proceedings on the indictment. Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of felony driving while intoxicated (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c]). We agree with defendant that her purported waiver of the right to appeal was ineffective. Such a waiver was never mentioned during the plea colloquy and thus was not part of the plea bargain, and at sentencing Supreme Court mentioned only that defendant would be signing a waiver of the right to appeal. Because the court failed to conduct a sufficient inquiry

concerning defendant's understanding of the waiver of the right to appeal, this Court is unable to determine whether such waiver was knowing, intelligent or voluntary (*see, People v Callahan*, 80 NY2d 273, 283). We further agree with defendant that the court erred in accepting her plea. Assuming, arguendo, that defendant failed to preserve for our review her challenge to the sufficiency of the plea allocution, we conclude that preservation was not necessary where, as here, defendant's recitation of the underlying facts negated an essential element of the crime and the court failed to make further inquiry to ensure that the plea was knowing and voluntary (*see, People v Lopez*, 71 NY2d 662, 666). Here, when the prosecutor asked defendant whether she was intoxicated, defendant stated that she believed her ability was impaired. That was an implicit denial of an essential element of the crime, i.e., intoxication. The court thus erred in accepting the plea without conducting further inquiry (*see, People v Lopez, supra*, at 666). We therefore reverse the judgment of conviction, vacate the plea, and remit the matter to Supreme Court for further proceedings on the indictment. (Appeal from Judgment of Supreme Court, Monroe County, Ark, J.—Felony Driving While Intoxicated.) Present—Pine, J. P., Hayes, Hurlbutt, Scudder and Lawton, JJ.