THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY F. BRUCE, Appellant. [737 NYS2d 729] —Appeal from a judgment of Livingston County Court (Cicoria, J.), entered January 2, 2001, convicting defendant upon his plea of guilty of offering a false instrument for filing in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law, the plea is vacated and the matter is remitted to Livingston County Court for further proceedings on the indictment.

Memorandum: Defendant contends that the plea colloquy was factually insufficient and that County Court therefore erred in accepting his plea of guilty to offering a false instrument for filing in the first degree (Penal Law former § 175.35). We agree. Although defendant failed to preserve his contention for our review, preservation is not required where, as here, "defendant's recitation of the underlying facts negated an essential element of the crime and the court failed to make further inquiry to ensure that the plea was knowing and voluntary" (*People v Pergolizzi*, 281 AD2d 958, 959; *see, People v Lopez*, 71 NY2d 662, 666). Defendant was charged with making false representations on an application for a lump sum payment from the State Insurance Fund. At the outset of the plea colloquy, defendant informed the court that he didn't "really feel as though [he was] guilty"; that he "made a mistake"; and that "[i]t wasn't meant to be a fraud." During the colloquy, defendant answered in the affirmative when the prosecutor asked him if he had indicated on the application that he had not returned to work in any capacity when in fact he had been "doing some odd jobs" at a friend's automotive garage. Defendant admitted that he had not reported the income received from his friend, explaining that "[w]hat little bit of money that I was receiving I didn't feel it was necessary." Defendant then pleaded "[m]istakenly guilty." When advised by the court that he had to specify that he was either guilty or not guilty, defendant stated that he was guilty. Immediately following entry of the guilty plea, the court afforded defendant the opportunity to speak before sentence was pronounced. Defendant stated, "Just again, sir, a big mistake, misunderstanding." Defendant's statements constituted repeated denials of an "intent to defraud the state" (Penal Law former § 175.35), which is an essential element of the crime, and thus the court erred in failing to conduct further inquiry before accepting the plea (*see, People v Lopez, supra* at 666; *People v Pergolizzi, supra* at 959). We therefore reverse the judgment of conviction, vacate the plea and remit the matter to Livingston County Court for further proceedings on the indictment. Present—Wisner, J.P., Hurlbutt, Kehoe, Burns and Lawton, JJ.