THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KELVIN D. OWES, Appellant. [823 NYS2d 808]—

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered October 11, 2000. The judgment convicted defendant, upon his plea of guilty, of murder in the first degree and murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of murder in the first degree (Penal Law § 125.27 [1] [a] [vii]; [b]) and murder in the second degree (§ 125.25 [3]). Defendant failed to move to withdraw his plea or to vacate the judgment of conviction and thus failed to preserve for our review his contention concerning the alleged factual insufficiency of the plea allocution (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Abdallah*, 23 AD3d 1116 [2005], *lv denied* 6 NY3d 845 [2006]). Contrary to the contention of defendant and the conclusion of the dissent, the plea allocution does not cast significant doubt on defendant's guilt to bring this case within the narrow exception to the preservation doctrine (*see Lopez*, 71 NY2d at 666). We cannot agree that, pursuant to *People v Cahill* (2 NY3d 14 [2003]), defendant's plea allocution negated an essential element of the crime of murder in the first degree (*see generally Lopez*, 71 NY2d at 666; *People v Pangburn*, 298 AD2d 989 [2002], *lv denied* 99 NY2d 618 [2003]; *People v Bruce*, 291 AD2d 879 [2002]). During the plea allocution, defendant stated that he caused the death of an individual, and he stated the name of that individual. In addition, he stated that he intended to cause the death of an individual when he remained unlawfully in the building at issue. There is no indication that defendant intended, at the time of the unlawful remaining, to cause the death of the individual he killed and, indeed, the only evidence in the record with respect to his intent at that time was that "it wasn't supposed to be" that individual. The plea allocution therefore does not indicate that "the burglary carried no intent other than to commit the murder" of the victim (*Cahill*, 2 NY3d at 62), and this case does not fall within the narrow exception to the preservation rule set forth in *Lopez*.

All concur except Martoche, J., who dissents and votes to reverse in accordance with the following memorandum.

Martoche, J. (dissenting). I respectfully dissent because I disagree with the majority's conclusion that this case does not fall within the exception to the preservation requirement set forth in *People v Lopez* (71 NY2d 662, 666 [1988]). In my view,

defendant's plea allocution negated an essential element of the crime of murder in the first degree under Penal Law § 125.27 (1) (a) (vii) and (b) and, before accepting the plea, County Court did not conduct the requisite "further inquiry to ensure that defendant [understood] the nature of the charge and that the plea [was] intelligently entered" (*Lopez*, 71 NY2d at 666). During the plea allocution, defendant admitted only that he entered and remained unlawfully inside a store with the intent to "kill an individual" and then killed the victim. As the Court of Appeals wrote in *People v Cahill* (2 NY3d 14, 62 [2003]), a conviction of murder in the first degree under Penal Law § 125.27 (1) (a) (vii) "cannot stand [where] the burglary carried no intent other than to commit the murder," and that is the case herein. I therefore would reverse the judgment, vacate the plea, and remit the matter to County Court for further proceedings on the indictment. Present—Kehoe, J.P., Martoche, Smith and Pine, JJ.