■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE R. HINKSON, Appellant. (Appeal No. 1.) [873 NYS2d 398]—Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered February 13, 2007. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]), defendant contends that his waiver of the right to appeal was invalid. We reject that contention. The record "establish[es] that the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Lopez*, 6 NY3d 248, 256 [2006]; *cf. People v Cain*, 29 AD3d 1157 [2006]; *People v Popson*, 28 AD3d 870 [2006]), and that he knowingly, intelligently and voluntarily waived the right to appeal (*see People v Seaberg*, 74 NY2d 1, 11 [1989]). Defendant's challenge to the factual sufficiency of the plea allocution is encompassed by that valid waiver of the right to appeal (*see People v Spivey*, 9 AD3d 886 [2004], *lv denied* 3 NY3d 712 [2004]) and, in any event, defendant failed to preserve that challenge for our review (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Owes*, 34 AD3d 1320, 1321 [2006]). Present—Hurlbutt, J.P., Smith, Fahey, Peradotto and Pine, JJ.