THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREN MAYNARD, Appellant. [872 NYS2d 782]—

Appeal from a judgment of the Yates County Court (W. Patrick Falvey, J.), rendered August 7, 2007. The judgment convicted defendant, upon her plea of guilty, of grand larceny in the third degree and workers' compensation fraud.

It is hereby ordered that the judgment so appealed from is reversed on the law, the plea is vacated and the matter is remitted to Yates County Court for further proceedings on the indictment.

Memorandum: Defendant appeals from a judgment convicting her upon a plea of guilty of grand larceny in the third degree (Penal Law § 155.35) and workers' compensation fraud (Workers' Compensation Law § 114 [1]). The contention of defendant that her guilty plea was not knowingly, voluntarily and intelligently entered is not barred by her valid waiver of the right to

appeal (*see People v Seaberg*, 74 NY2d 1, 10 [1989]) and, although defendant failed to preserve that contention for our review by moving to withdraw her plea or to vacate the judgment of conviction (*see People v Davis*, 45 AD3d 1357 [2007], *lv denied* 9 NY3d 1005 [2007]), we conclude that this case falls within the rare exception to the preservation requirement set forth in *People v Lopez* (71 NY2d 662, 666 [1988]). The record establishes that the statements of defendant during the plea colloquy "negate[d] an essential element" of the crimes to which she pleaded guilty, and County Court failed to make any further inquiry (*id.*).

In response to the court's question concerning the facts underlying those crimes, defendant admitted that she filed claim forms containing the false statement that she had not performed volunteer work or worked for wages, but she further stated that "I didn't read the one question all the way through and I thought they meant was I volunteering or working for wages or tips . . . And I wasn't." Defendant's statements during the plea colloquy thus negated the essential elements of criminal intent with respect to the larceny count and intent to defraud with respect to the workers' compensation fraud count, thereby "triggering a duty on the part of [the court] to 'inquire further to ensure that defendant's guilty plea [was] knowing and voluntary' " (*People v Ramirez*, 42 AD3d 671, 672 [2007], quoting *Lopez*, 71 NY2d at 666; *see People v Bruce*, 291 AD2d 879 [2002]; *see also People v Pergolizzi*, 281 AD2d 958 [2001]; *People v Ocasio*, 265 AD2d 675, 676-677 [1999]).

We therefore reverse the judgment of conviction, vacate the plea and remit the matter to County Court for further proceedings on the indictment.

All concur except Scudder, P.J., who dissents and votes to affirm in the following memorandum.

Scudder, P.J. (dissenting). I respectfully dissent because I cannot agree with the majority that defendant's statements during the plea colloquy negated the elements of intent to steal with respect to the larceny count and intent to defraud with respect to the workers' compensation fraud count. I thus cannot agree that those statements "cast[ ] significant doubt upon the defendant's guilt or otherwise call[ed] into question the voluntariness of the plea" so as to bring this case within the rare exception to the preservation requirement set forth in *People v Lopez* (71 NY2d 662, 666 [1988]).

Defendant was indicted for one count each of grand larceny in the third degree (Penal Law § 155.35) and workers' compensation fraud (Workers' Compensation Law § 114 [1]) relating to

her theft of workers' compensation benefits between June 2005 and June 2006, accomplished by filing three false claimant disability statements. In those statements, defendant asserted that she did not work or perform any volunteer activities during the relevant periods of time. In fact, however, defendant was performing the equivalent of restaurant work on a volunteer basis for the American Legion.

During defendant's plea colloquy, defendant admitted that she filled out the three claimant disability statements, and that those three statements falsely represented her work and volunteer activity. Defendant further admitted that she was aware that the information set forth in the claimant disability statements was material to her right to receive workers' compensation benefits, and that she was not supposed to be working. When asked to specify the false information that she had included in the statements, defendant replied, "Well, on the statement I thought that it—I didn't read the one question all the way through and I thought they meant was I volunteering or working for wages or tips." However, defendant went on to clarify that she knew that she was not supposed to be working at all, and that she knew the claimant disability statements were going to be returned to workers' compensation to ensure that she would continue to receive her benefits. She admitted that she signed the statements with the knowledge that they contained false representations, and she admitted that she knowingly sent those false statements to the workers' compensation agency to defraud the agency.

In my view, the totality of defendant's colloquy establishes that defendant knowingly and intentionally submitted false statements to the workers' compensation agency in order to ensure the continuation of her benefits. The majority relies on defendant's quoted statement as proof that defendant did not have either an intent to steal or to defraud when she filed the false statements because of her claimed misinterpretation of what constituted volunteer activity. I conclude, however, that County Court's subsequent questions clarified that defendant knew that she was not supposed to be working "at all," that she signed the statements with the knowledge that they contained false information, and that she sent the statements to the workers' compensation agency in order to defraud the agency so that she would continue to receive her benefits. In my view, those admissions were sufficient to show the intent of defendant to steal the money she received by defrauding the agency, despite the fact that defendant did not use the word "intentionally" when entering her plea. The exception to the

preservation requirement set forth in *Lopez* applies when the defendant's recitation of the facts "clearly casts significant doubt upon the defendant's guilt" (71 NY2d at 666). Defendant's knowledge that the statements were false and that they would be used to determine the continued eligibility of defendant for workers' compensation benefits and defendant's actions in knowingly sending those false statements to the workers' compensation agency to defraud it in order to continue receiving benefits does not "clearly cast[ ] significant doubt" upon the guilt of defendant of either crime to which she pleaded guilty. I therefore would affirm the judgment of conviction. Present— Scudder, P.J., Hurlbutt, Peradotto, Green and Gorski, JJ.