■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORY T., Appellant. [872 NYS2d 803]—

Appeal from a judgment and an adjudication the Erie County Court (Michael L. D'Amico, J.), rendered August 8, 2006. Defendant was convicted upon his plea of guilty of reckless endangerment in the first degree and attempted robbery in the third degree, and defendant was adjudicated a youthful offender upon his plea of guilty of robbery in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law, the conviction on counts three and four of the superior court information is deemed vacated and replaced by a youthful offender finding, and the sentences of imprisonment of 1⅓ to 4 years imposed on counts three and four of the superior court information are directed to run concurrently with the sentence imposed on count one of the

superior court information, and the adjudication on count one of the superior court information is modified on the law by directing that the sentence imposed on count one of the superior court information shall run concurrently with the sentences imposed on counts three and four of the superior court information and as modified the adjudication is affirmed, and the matter is remitted to Erie County Court for further proceedings on count two of the superior court information in accordance with the following memorandum: Defendant appeals from a youthful offender adjudication based upon his plea of guilty of robbery in the first degree (Penal Law § 160.15 [3]) and from a judgment convicting him upon his plea of guilty of reckless endangerment in the first degree (§ 120.25) and attempted robbery in the third degree (§§ 110.00, 160.05). As the People correctly concede, the sentence imposed pursuant to the plea agreement is illegal. "Where an eligible youth is convicted of two or more crimes set forth in separate counts of an accusatory instrument . . . , the court must not find him [or her] a youthful offender with respect to any such conviction . . . unless it finds him [or her] a youthful offender with respect to all such convictions" (CPL 720.20 [2]; *People v Christopher T.*, 48 AD3d 1131, 1132 [2008]; *People v Huther*, 78 AD2d 1011 [1980]). Here, defendant was convicted of "two or more crimes set forth in separate counts" of the superior court information (SCI) (CPL 720.20 [2]). Thus, upon adjudicating him a youthful offender with respect to robbery in the first degree under count one of the SCI, County Court was required to adjudicate defendant a youthful offender with respect to the remaining counts. Furthermore, having adjudicated defendant a youthful offender, the court "was without authority to impose consecutive sentences in excess of four years" (*People v Ralph W.C.*, 21 AD3d 904, 905 [2005]; *see* Penal Law § 60.02 [2]; § 70.00 [2] [e]). We therefore reverse the judgment and modify the adjudication accordingly.

We note in addition that the court failed to sentence defendant with respect to count two of the SCI, charging him with criminal possession of stolen property in the fifth degree (Penal Law § 165.40), despite the fact that during the plea colloquy defendant admitted each element of that crime. We further note, however, that both the written waiver of indictment and the presentence report contain notations striking that count. It is thus unclear whether the court mistakenly failed to sentence defendant with respect to criminal possession of stolen property in the fifth degree, or whether that count was dismissed following the entry of defendant's guilty plea. We therefore remit the matter to County Court for further proceedings on count two of the SCI consistent with our decision. Present—Scudder, P.J., Martoche, Smith, Green and Gorski, JJ.