■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE N.T., Appellant. [894 NYS2d 625]—

Appeal from an adjudication of the Cattaraugus County Court (Larry M. Himelein, J.), rendered December 17, 2007. Defendant was adjudicated a youthful offender upon his plea of guilty of arson in the third degree and burglary in the third degree.

It is hereby ordered that the adjudication so appealed from is unanimously modified on the law by directing that the sentences of imprisonment shall run concurrently with respect to each other and as modified the adjudication is affirmed.

Memorandum: On appeal from a youthful offender adjudication based upon his plea of guilty of arson in the third degree (Penal Law § 150.10 [1]) and burglary in the third degree (§ 140.20), defendant contends that his waiver of the right to

appeal was invalid. We reject that contention. The record "establish[es] that the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Lopez*, 6 NY3d 248, 256 [2006]). The valid waiver by defendant of the right to appeal encompasses his challenge to the factual sufficiency of the plea allocution (*see People v Hinkson*, 59 AD3d 934 [2009], *lv denied* 12 NY3d 817 [2009]), as well as his challenge to County Court's suppression ruling (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Gordon*, 42 AD3d 964 [2007], *lv denied* 9 NY3d 876 [2007]).

Although the challenge by defendant to the amount of restitution ordered is not foreclosed by his waiver of the right to appeal because the amount of restitution was not included in the terms of the plea agreement (*see People v Talley*, 300 AD2d 1038 [2002], *lv denied* 100 NY3d 566 [2003]), defendant failed to preserve that challenge for our review inasmuch as he failed to object to the amount of restitution at sentencing or to request a hearing with respect thereto (*see People v Hannig*, 68 AD3d 1779 [2009]; *People v Melino*, 52 AD3d 1054, 1056 [2008], *lv denied* 11 NY3d 791 [2008]). Defendant further contends that he was denied effective assistance of counsel based on defense counsel's failure to request a mental health examination to determine whether he was competent to proceed with his guilty plea. To the extent that defendant's contention survives the plea and waiver of the right to appeal (*see People v Santos*, 37 AD3d 1141 [2007], *lv denied* 8 NY3d 950 [2007]), that contention is also unpreserved for our review because defendant failed to move to withdraw his plea or to vacate the judgment of conviction (*see People v Tantao*, 41 AD3d 1274 [2007], *lv denied* 9 NY3d 882 [2007]). In any event, that contention lacks merit. Although defendant had a history of mental health problems and treatment, "[t]here is no indication in the record that defendant was unable to understand the proceedings or that he was mentally incompetent at the time he entered his guilty plea" (*People v Williams*, 35 AD3d 1273, 1275 [2006], *lv denied* 8 NY3d 928 [2007]), and "[t]here can be no denial of effective assistance of . . . counsel arising from [defense] counsel's failure to 'make a motion or argument that has little or no chance of success' " (*People v Caban*, 5 NY3d 143, 152 [2005], quoting *People v Stultz*, 2 NY3d 277, 287 [2004]).

We agree with defendant, however, that the sentence imposed is illegal. The challenge by defendant to the legality of the sentence survives his waiver of the right to appeal (*see People v Christopher T.*, 48 AD3d 1131 [2008]) and, as the People cor-

rectly concede, "having adjudicated defendant a youthful offender, the court 'was without authority to impose consecutive sentences in excess of four years'" (*People v Cory T.*, 59 AD3d 1063, 1064 [2009], quoting *People v Ralph W.C.*, 21 AD3d 904, 905 [2005]; *see* Penal Law § 60.02 [2]; § 70.00 [2] [e]). We therefore modify the adjudication accordingly. Present—Centra, J.P., Peradotto, Green and Pine, JJ.