People v Nelson (2018 NY Slip Op 06389)





People v Nelson


2018 NY Slip Op 06389


Decided on September 28, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


987 KA 16-00721

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
XAVIER NELSON, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered January 8, 2015. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of murder in the second degree (Penal Law § 125.25 [2]) and, in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of robbery in the first degree (§ 160.15 [4]) involving a separate incident. County Court sentenced defendant to concurrent terms of incarceration.
Defendant contends that his guilty plea in appeal No. 1 should be vacated because his statements during the plea colloquy described an intentional shooting and negated the elements of depraved indifference and recklessness. At the outset, we agree with defendant that his challenge implicates the voluntariness of the plea and thus survives his waiver of the right to appeal (see People v Jones, 64 AD3d 1158, 1158 [4th Dept 2009], lv denied 13 NY3d 860 [2009]; People v Maynard, 59 AD3d 1031, 1031-1032 [4th Dept 2009]). Defendant did not move to withdraw the plea or vacate the judgment of conviction, however, and he thus failed to preserve his challenge for our review (see People v Wilkes, 160 AD3d 1491, 1491 [4th Dept 2018], lv denied 31 NY3d 1154 [2018]). Contrary to defendant's contention, this case does not fall within the narrow exception to the preservation requirement inasmuch " as defendant made no statements during the plea allocution that negated an element of the crime or otherwise called into doubt his guilt or the voluntariness of his plea' " (People v Davis, 136 AD3d 1220, 1221 [3d Dept 2016], lv denied 27 NY3d 1068 [2016]; see People v Lopez, 71 NY2d 662, 666 [1988]). During the plea colloquy, defendant admitted that he and his codefendant fired multiple gunshots in the direction of a group of people, which constitutes "a quintessential example of depraved indifference to human life" (People v Timmons, 78 AD3d 1241, 1243 [3d Dept 2010], lv denied 16 NY3d 837 [2011]; see People v Ramos, 19 NY3d 133, 136 [2012]). Contrary to defendant's contention, we conclude that his statements during the plea colloquy did not suggest that he was "guilty of an intentional shooting [and] no other" (People v Wall, 29 NY2d 863, 864 [1971]), nor did they trigger the court's duty to "inquire further to ensure that defendant's guilty plea [was] knowing and voluntary" (Lopez, 71 NY2d at 666).
In light of our determination in appeal No. 1, there is no basis to reverse the judgment in appeal No. 2 and vacate defendant's plea of guilty (see People v Richardson, 132 AD3d 1313, 1316 [4th Dept 2015], lv denied 26 NY3d 1149 [2016]; cf. People v Fuggazzatto, 62 NY2d 862, 863 [1984]).
Entered: September 28, 2018
Mark W. Bennett
Clerk of the Court