■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACOB A. MARTINEZ, Appellant. [864 NYS2d 652]—Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered January 2, 2007. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree, robbery in the second degree (two counts) and assault in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of one count each of robbery in the first degree (Penal Law § 160.15 [3]) and assault in the second degree (§ 120.05 [2]) and two counts of robbery in the second degree (§ 160.10 [1], [2] [a]). We conclude that defendant's waiver of the right to appeal was knowingly and voluntarily entered (*see People v Lopez,* 6 NY3d 248, 256 [2006]). That valid waiver encompasses the contention of defendant that County Court should have afforded him youthful offender status (*see People v Watkins,* 52 AD3d 1258 [2008], *lv denied* 10 NY3d 965 [2008]; *People v Macklin,* 49 AD3d 1299 [2008], *lv denied* 10 NY3d 866 [2008]) and, in any event, defendant failed to preserve his contention for our review (*see Macklin,* 49 AD3d 1299 [2008]; *People v Wood,* 28 AD3d 1156 [2006]). We decline to exercise our interest of justice jurisdiction to adjudicate defendant a youthful offender (*see People v Bosse,* 23 AD3d 1063, 1064 [2005], *lv denied* 6 NY3d 809 [2006]; *People v Potter,* 13

AD3d 1191 [2004], *lv denied* 4 NY3d 889 [2005]). Finally, although "defendant waived his right to appeal before County Court advised him of the potential periods of imprisonment that could be imposed" and his challenge to the severity of the sentence thus is not encompassed by the waiver of the right to appeal (*People v Mingo,* 38 AD3d 1270, 1271 [2007]), we nevertheless conclude that the sentence is not unduly harsh or severe. Present—Centra, J.P., Lunn, Peradotto, Green and Pine, JJ.