■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY SCHENK, Appellant. [907 NYS2d 906]—

Appeal from a judgment of the Erie County Court (Patrick M. Carney, A.J.), rendered February 23, 2007. The judgment convicted defendant, upon his plea of guilty, of attempted criminal sexual act in the first degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of two counts of attempted criminal sexual act in the first degree (Penal Law §§ 110.00, 130.50 [4]), defendant contends that his waiver of the right to appeal was not knowingly, intelligently, and voluntarily entered because County Court failed to conduct a sufficient inquiry. We reject that contention. "[T]here is no requirement that the . . . court engage in any particular litany" when accepting a defendant's waiver of the right to appeal (*People v Callahan*, 80 NY2d 273, 283 [1992]) and, here, the record establishes that defendant's waiver of the right to appeal was made knowingly, intelligently, and voluntarily (*see People v Lopez*, 6 NY3d 248, 256 [2006]). The waiver by defendant of the right to appeal encompasses his challenge to the court's suppression rulings (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Gordon*, 42 AD3d 964 [2007], *lv denied* 9 NY3d 876 [2007]), as well as his challenge to the severity of the sentence (*see Lopez*, 6 NY3d at 255-256; *People v Hidalgo*, 91 NY2d 733, 737 [1998]). Present—Centra, J.P., Peradotto, Carni, Lindley and Sconiers, JJ.