# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

505

KA 09-00980

PRESENT: SMITH, J.P., PERADOTTO, CARNI, SCONIERS, AND GREEN, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

TRACEY ROBBINS, ALSO KNOWN AS REGINA ROBINSON,
DEFENDANT-APPELLANT.

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF
COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY
OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (John L.
Michalski, A.J.), rendered December 10, 2008. The judgment convicted
defendant, upon her plea of guilty, of robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her
upon her plea of guilty of robbery in the first degree (Penal Law §
160.15 [3]). Prior to sentencing, defense counsel retracted
defendant's pro se motion to withdraw her plea of guilty before it was
decided and, at the time of sentencing, defendant appeared with new
defense counsel, who again retracted the pro se motion to withdraw the
plea before it was decided. Defendant thus has abandoned her present
challenge concerning that retracted motion (*see People v Mower*, 97
NY2d 239, 246; *see also People v Drennan*, 81 AD3d 1279). As the
People correctly concede, defendant's waiver of the right to appeal
does not encompass her challenge to the severity of the sentence
because defendant entered the waiver before being advised of the
maximum sentence she could receive (*see People v Rizek* [appeal No. 1],
64 AD3d 1180, *lv denied* 13 NY3d 862; *People v Martinez*, 55 AD3d 1334,
1335, *lv denied* 11 NY3d 927; *cf. People v Lococo*, 92 NY2d 825, 827).
Contrary to defendant's contention, however, the period of postrelease
supervision imposed by Supreme Court is not unduly harsh or severe.

Entered: April 29, 2011                          Patricia L. Morgan
                                                 Clerk of the Court