# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1067**

**KA 08-01544**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

GERALD ANDERSON, DEFENDANT-APPELLANT.

---

CHARLES J. GREENBERG, BUFFALO, FOR DEFENDANT-APPELLANT.

GERALD ANDERSON, DEFENDANT-APPELLANT PRO SE.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered October 18, 2007. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]). Contrary to defendant's contention, his waiver of the right to appeal was knowingly, intelligently, and voluntarily entered (*see People v Graham*, 77 AD3d 1439, *lv denied* 15 NY3d 920; *see generally People v Lopez*, 6 NY3d 248, 256). We agree with defendant, however, that the waiver does not encompass his further contention concerning the denial of his request for youthful offender status. No mention of youthful offender status was made before defendant waived his right to appeal during the plea colloquy. Under those circumstances, we conclude that defendant did not knowingly waive his right to appeal with respect to Supreme Court's denial of the request by defendant for youthful offender status at sentencing (*see generally People v McCarthy*, 83 AD3d 1533, *lv denied* 17 NY3d 819; *People v Fehr*, 303 AD2d 1039, *lv denied* 100 NY2d 538; *People v Hendricks*, 270 AD2d 944). We reject defendant's contention that the court abused its discretion in denying his request for youthful offender status, however, and we decline to exercise our interest of justice jurisdiction to adjudicate him a youthful offender (*see People v Jock*, 68 AD3d 1816, *lv denied* 14 NY3d 801).

Defendant failed to preserve for our review his challenge to the factual sufficiency of the plea allocution (*see People v Lopez*, 71

NY2d 662, 665; *People v Moorer*, 63 AD3d 1590, *lv denied* 13 NY3d 837), and this case does not fall within the rare exception to the preservation requirement (*see Lopez*, 71 NY2d at 666). Defendant "waived his right to appeal before [the court] advised him of the potential periods of imprisonment that could be imposed," and thus his challenge to the severity of the sentence also is not encompassed by the waiver of the right to appeal (*People v Mingo*, 38 AD3d 1270, 1271; *see People v Martinez*, 55 AD3d 1334, *lv denied* 11 NY3d 927). We conclude, however, that the sentence is not unduly harsh or severe.

The remainder of defendant's contentions are raised in his pro se supplemental brief. He contends that his statement to the police should have been suppressed because there was no *Miranda* waiver and no probable cause for the arrest, and because he requested but was not afforded counsel before making the statement. There is no showing in the record, however, that defendant moved to suppress his statement and, even if he had so moved, the valid waiver of the right to appeal would have encompassed any suppression ruling (*see People v Kemp*, 94 NY2d 831, 833; *People v Schenk*, 77 AD3d 1417, *lv denied* 15 NY3d 924, 16 NY3d 836). In addition, by pleading guilty, defendant forfeited his contention that he was denied a fair trial by preindictment prosecutorial misconduct, i.e., the prosecutor's failure to notify him of the grand jury proceeding and the prosecutor's defective grand jury instructions (*see People v Oliveri*, 49 AD3d 1208, 1209).

Next, we reject defendant's contention that the felony complaint was defective. The felony complaint was superseded by the indictment to which defendant pleaded guilty, and he therefore may not challenge the felony complaint (*see People v Black*, 270 AD2d 563, 564-565). Although defendant also contends that the evidence before the grand jury was legally insufficient, we note that defendant's contention is foreclosed by virtue of his guilty plea (*see People v Hansen*, 95 NY2d 227, 233). Finally, to the extent that defendant's contention that he was denied effective assistance of counsel survives his guilty plea and valid waiver of the right to appeal (*see People v Jackson*, 85 AD3d 1697, 1699), that contention lacks merit (*see generally People v Ford*, 86 NY2d 397, 404). We have reviewed the remaining contentions in defendant's pro se supplemental brief and conclude that they are without merit.

Entered: December 23, 2011                    Frances E. Cafarell
                                              Clerk of the Court