# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

763

KA 11-02171

PRESENT: CENTRA, J.P., PERADOTTO, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

KENNETH L. JONES, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered October 17, 2011. The judgment convicted defendant, upon his plea of guilty, of assault in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of assault in the first degree (Penal Law § 120.10 [1]). Contrary to defendant's contention, the record establishes that he knowingly, voluntarily and intelligently waived the right to appeal (*see generally People v Lopez*, 6 NY3d 248, 256; *People v Luper*, 101 AD3d 1668, 1668, *lv denied* 20 NY3d 1101). The valid waiver of the right to appeal, however, does not encompass defendant's contention regarding the denial of his request for youthful offender status because "[n]o mention of youthful offender status was made before defendant waived his right to appeal during the plea colloquy" (*People v Anderson*, 90 AD3d 1475, 1476, *lv denied* 18 NY3d 991). We nevertheless reject defendant's contention that County Court abused its discretion in denying his request for youthful offender status (*see People v Guppy*, 92 AD3d 1243, 1243, *lv denied* 19 NY3d 961; *People v Session*, 38 AD3d 1300, 1301, *lv denied* 8 NY3d 990). The valid waiver of the right to appeal encompasses defendant's challenge to the severity of his sentence (*see Lopez*, 6 NY3d at 255-256).

Entered: June 14, 2013                          Frances E. Cafarell
                                                Clerk of the Court