# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**226**

**KA 13-01936**

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                     MEMORANDUM AND ORDER

ANGEL T.C., DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN C. MINISTERO OF COUNSEL), FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered September 18, 2013. The judgment convicted defendant, upon his plea of guilty, of criminal possession of stolen property in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by adjudicating defendant a youthful offender and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his guilty plea of criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [5]). We reject defendant's contention that his waiver of the right to appeal is invalid. Defendant waived that right "both orally and in writing before pleading guilty, and [County C]ourt conducted an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v McGrew*, 118 AD3d 1490, 1490-1491, *lv denied* 23 NY3d 1065 [internal quotation marks omitted]). We conclude, however, that the waiver does not encompass defendant's contention regarding the denial of his request for youthful offender status, inasmuch as "[n]o mention of youthful offender status was made before defendant waived his right to appeal during the plea colloquy" (*People v Anderson*, 90 AD3d 1475, 1476, *lv denied* 18 NY3d 991).

We agree with defendant that he should have been afforded youthful offender status. Defendant was 16 years old at the time of the offense and committed the offense when he and his two friends were walking to a park, saw a vehicle with the keys in the ignition, and wondered what it would be like to steal the vehicle. Defendant expressed remorse for his actions, which we conclude were the actions of an impulsive youth rather than a hardened criminal (*see People v*

*Drayton*, 39 NY2d 580, 584, *rearg denied* 39 NY2d 1058).  Thus, under the circumstances, we modify the judgment as a matter of discretion in the interest of justice by adjudicating defendant a youthful offender (*see* CPL 470.15 [3] [c]; *People v William S.*, 26 AD3d 867, 868).

Finally, defendant's waiver of the right to appeal encompasses his challenge to the severity of the sentence (*see People v Hidalgo*, 91 NY2d 733, 737).

Entered:  March 20, 2015                          Frances E. Cafarell
                                                  Clerk of the Court