People v Lang (2018 NY Slip Op 06635)





People v Lang


2018 NY Slip Op 06635


Decided on October 5, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.


877 KA 16-00063

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
STORM U. LANG, ALSO KNOWN AS STORM U. J. LANG, ALSO KNOWN AS STORM LANG, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BENJAMIN L. NELSON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (SHIRLEY A. GORMAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered December 8, 2015. The judgment convicted defendant, upon his plea of guilty, of sexual abuse in the first degree (two counts) and sexual abuse in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of sexual abuse in the first degree (Penal Law § 130.65 [3]) and one count of sexual abuse in the second degree (§ 130.60 [2]). Contrary to defendant's contention, his waiver of the right to appeal is valid (see generally People v Lopez, 6 NY3d 248, 256 [2006]). Defendant waived that right "both orally and in writing before pleading guilty, and [County Court] conducted an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (People v McGrew, 118 AD3d 1490, 1490-1491 [4th Dept 2014], lv denied 23 NY3d 1065 [2014] [internal quotation marks omitted]). While we agree with defendant that the colloquy and written waiver contain improperly overbroad language concerning the rights waived by defendant, "[a]ny nonwaivable issues purportedly encompassed by the waiver are excluded from the scope of the waiver [and] the remainder of the waiver is valid and enforceable" (People v Weatherbee, 147 AD3d 1526, 1526 [4th Dept 2017], lv denied 29 NY3d 1038 [2017] [internal quotation marks omitted]). Defendant's valid waiver of the right to appeal "forecloses appellate review of [the] sentencing court's discretionary decision to deny youthful offender status" (People v Pacherille, 25 NY3d 1021, 1024 [2015]), even where, as here, there was no mention of youthful offender status during the plea colloquy. To the extent that we have held otherwise (see People v Mills, 151 AD3d 1744, 1745 [4th Dept 2017], lv denied 29 NY3d 1131 [2017]; People v Anderson, 90 AD3d 1475, 1476 [4th Dept 2011], lv denied 18 NY3d 991 [2012]), those cases should no longer be followed in light of Pacherille.
Entered: October 5, 2018
Mark W. Bennett
Clerk of the Court