■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER JOSEPH VERRONE, Appellant. [698 NYS2d 8] —Judgment, Supreme Court, Bronx County (William Donnino, J.), rendered November 8, 1996, convicting defendant, upon his plea of guilty, of bail jumping in the second degree and sentencing him, as a second felony offender, to an indeterminate term of 1½ to 3 years imprisonment to be served consecutively to a prior undischarged indeterminate sentence of imprisonment, unanimously affirmed.

Defendant was originally indicted for three counts of sexual abuse in the third degree and one count of criminal possession of a weapon in the fourth degree. While that indictment was pending, defendant failed to appear for a scheduled court appearance and, as a result, the People filed a felony complaint charging him with bail jumping. After being arraigned on the felony complaint, defendant appeared in the trial part where he executed a waiver of indictment and agreed to be prosecuted by a Superior Court Information (SCI) charging him with bail jumping in the second degree. Defendant then joined in the People's application to consolidate the SCI with the pending indictment and pleaded guilty to bail jumping in the second degree to "cover" all charges then pending against him in the consolidated indictment. As part of his plea bargain, defendant also waived his right to appeal his conviction.

There is no merit to defendant's present claim that his

waiver of indictment was jurisdictionally defective pursuant to CPL 195.20 because the bail jumping charge set forth in the SCI was not properly joinable with the charges in the original indictment. The sole offense included in the SCI, bail jumping in the second degree, was an offense for which "the defendant was held for action of a grand jury", thus meeting the pertinent statutory requirement of CPL 195.20. The other requirement that any additional offense or offenses must be "properly joinable therewith pursuant to [CPL] sections 200.20 and 200.40" is inapplicable because no other offenses were included in the otherwise properly obtained SCI. "The waiver procedure is triggered by the defendant being held for Grand Jury action on charges contained in a felony complaint (CPL 195.10 [1] [a]) and it is in reference to those charges that its availability must be measured" (*People v D'Amico*, 76 NY2d 877, 879).

While recognizing that *People v D'Amico* (*supra*) permits the People to file a post-indictment SCI where the SCI contains an additional charge related to the original indictment, defendant argues that *D'Amico* does not permit this type of end run around the holding in *People v Boston* (75 NY2d 585) that any waiver must be made prior to the filing of an indictment and does not authorize the filing of a post-indictment SCI on an unrelated charge. However, nothing in *D'Amico* supports such argument. Indeed, the Court specifically stated that, in *Boston*:

"We did not decide the question presented here, whether after indictment the waiver procedure is available when the defendant is held for Grand Jury action on a new felony complaint. We now conclude that it is. In this situation, in contrast to *Boston*, there exists the explicit statutory predicate for a waiver—an order holding defendant for Grand Jury action— and the waiver, by eliminating the need for a superseding indictment, serves both of the statutory purposes we identified in *Boston*.

"The filing of the felony complaint and the court order holding defendant for Grand Jury action are not, as the dissent implies, insignificant events. The filing of a felony complaint commences the criminal action (CPL 1.20 [16], [17]) and an order holding the defendant for Grand Jury action requires a judicial determination that probable cause exists to believe that the defendant committed a felony. They are explicit statutory prerequisites for the waiver of indictment procedure which were lacking in *Boston* but are present here." (*People v D'Amico, supra,* at 880.)

Nothing in *D'Amico* limited the Court's holding to related charges.

Finally, we note that, inasmuch as it is jurisdictional in nature (*see, People v Boston, supra,* 75 NY2d, *supra,* at 589, n), defendant's claim of defective waiver of indictment is preserved for review despite his waiver of his right to appeal his conviction. However, such waiver precludes review of his non-jurisdictional claim that the indictment and the SCI were improperly consolidated, a claim that, even absent a waiver of the right to appeal, is forfeited by a guilty plea (*People v Rodriguez,* 238 AD2d 150, *lv denied* 90 NY2d 897) and, likewise, precludes review of his claim that he was deprived of the effective assistance of counsel in that the ineffectiveness alleged herein does not go to the voluntariness of the plea. In any event, were we to review these claims, we would find that they have no merit. The consolidation of the SCI's bail jumping charge with the original indictment charges was clearly appropriate and was done solely for purposes of plea and at defendant's request (*cf., People v Contreras,* 191 AD2d 235; *see also,* CPL 200.20 [4]). Concur—Sullivan, J. P., Nardelli, Wallach, Andrias and Buckley, JJ.