■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER FLIKSHTEYN, Appellant. [758 NYS2d 490] —Judgment, Supreme Court, New York County (Bernard Fried, J.), rendered September 19, 2002, convicting defendant, upon his plea of guilty, of money laundering in the second degree, and sentencing him to a term of 1 to 3 years, unanimously affirmed. Defendant's valid waiver of his right to appeal forecloses his present attacks on the severity of his statutorily authorized sentence, and we reject defendant's arguments to the contrary. Although defendant claims that in imposing sentence the court considered information obtained in violation of his right to counsel, and that the severity of his sentence resulted from ineffective assistance of counsel, these claims affect only the propriety of the sentence that the court decided to impose (*see People v Muniz*, 91 NY2d 570 [1998]; *People v Callahan*, 80 NY2d 273, 281 [1992]; *People v Verrone*, 266 AD2d 16, 18 [1999], *lv withdrawn* 94 NY2d 868 [1999]; *see also United States v Djelevic*, 161 F3d 104 [1998]). None of defendant's arguments affect the validity of his conviction. Moreover, he did not move to withdraw his guilty plea, and on appeal the only relief he requests is a more lenient sentence.

In any event, were we to find that defendant's claims are not foreclosed by his appeal waiver, we would find no basis for reducing the sentence. Even assuming, without deciding, that defendant had a right to counsel at his postplea contacts with the authorities, the record establishes that there was no violation of that right (*see People v Beam*, 57 NY2d 241, 253-255 [1982]; *compare United States v Ming He*, 94 F3d 782, 793-794 [1996]). The record also establishes that defendant received effective assistance of counsel at all stages of the proceedings (*see People v Ford*, 86 NY2d 397, 404 [1995]; *see also People v Benevento*, 91 NY2d 708, 713-714 [1998]). It was defendant's own conduct that caused him to receive a sentence that was less favorable than he anticipated, and we do not find the sentence to be excessive. Concur—Nardelli, J.P., Mazzarelli, Wallach, Friedman and Marlow, JJ.