■ The People of the State of New York, Respondent, v Manuel Melendez, Appellant. [805 NYS2d 85]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered January 30, 2004, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the second degree, and sentencing him to a term of six years to life, unanimously affirmed.

Defendant claims that his counsel provided ineffective assistance by allegedly failing to inform him that the People's plea

offer involving a sentence of 5½ years to life would expire if counsel filed suppression motions, and by allegedly choosing, without defendant's consent, to file such motions, thereby depriving defendant of the opportunity to accept that offer. After counsel unsuccessfully argued before the plea court that the 5½ years to life offer should still stand, defendant pleaded guilty, with a promise of six years to life, and effectively waived his right to appeal. To the extent that defendant is now claiming that his ultimate plea was rendered involuntary by his attorney's alleged failure to communicate the terms of the prior offer, thus denying him the opportunity to accept or reject that offer, such claim survives the appeal waiver (*see People v Seaberg*, 74 NY2d 1, 10 [1989]). However, this claim is not reviewable on direct appeal for lack of a sufficient record (*see People v Love*, 57 NY2d 998 [1982]). Although there were colloquies before the plea court on this issue, the record does not include the contents of the relevant strategic discussions between defendant and counsel. To the extent the existing record permits review, it establishes that the plea was voluntary and that defendant received effective assistance under the state and federal standards (*see People v Ford*, 86 NY2d 397, 404 [1995]; *see also Strickland v Washington*, 466 US 668 [1984]). In any event, we note that on appeal defendant does not request that his plea be vacated as involuntary, but only that his sentence be reduced to 5½ years to life in the interest of justice (*see People v Flikshteyn*, 305 AD2d 225 [2003]), and we perceive no basis for reducing the sentence. Concur—Tom, J.P., Marlow, Gonzalez and Sweeny, JJ.