■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES WAID, Appellant. [809 NYS2d 330]—

Appeal from a judgment of the Niagara County Court (Peter L. Broderick, Sr., J.), rendered November 30, 2004. The judgment convicted defendant, upon his plea of guilty, of sexual abuse in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a plea of guilty of sexual abuse in the first degree (Penal Law § 130.65 [1]), defendant contends that his waiver of indictment was jurisdictionally defective. Although we agree with defendant that his contention need not be preserved for our review (*see People v Boston*, 75 NY2d 585, 589 n [1990]) and is not precluded by his valid waiver of the right to appeal (*see People v*

*Verrone*, 266 AD2d 16, 18 [1999]), we nevertheless conclude that defendant's contention lacks merit.

Defendant was indicted for several offenses relating to a single criminal transaction. The People thereafter filed a felony complaint charging defendant with the offenses for which he already had been indicted as well as a new charge of sexual abuse in the first degree. Defendant waived a preliminary hearing and was held for action of the grand jury. He thereafter waived indictment and consented to be prosecuted by a superior court information (SCI) containing all of the charges from the felony complaint. Defendant ultimately pleaded guilty to the new sexual abuse charge, the only charge in the felony complaint that had not been included in the indictment. "The waiver procedure is triggered by the defendant being held for Grand Jury action on charges contained in a felony complaint (CPL 195.10 [1] [a]) and it is in reference to those charges that its availability must be measured" (*People v D'Amico*, 76 NY2d 877, 879 [1990]; *Verrone*, 266 AD2d at 17). Inasmuch as the explicit statutory prerequisites for the waiver of indictment procedure were met for the charge of sexual abuse in the first degree, the waiver of indictment and SCI with respect to that charge were not jurisdictionally defective (*see D'Amico*, 76 NY2d at 879; *Verrone*, 266 AD2d at 17; *cf. People v Casdia*, 78 NY2d 1024 [1991]; *Boston*, 75 NY2d at 589).

Contrary to defendant's further contention, County Court's failure to sign the order approving the waiver of indictment does not require reversal. The record of the plea proceeding establishes that the court was satisfied with the sufficiency of the waiver of indictment, and where, as here, all the statutory requirements for waiving indictment have been met, the court lacks discretion to withhold approval of the waiver (*see* Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 195.30). We thus conclude that the court's failure to sign the order was a ministerial error with no resultant prejudice to defendant (*see generally People v McKenzie*, 221 AD2d 743, 744 [1995]). Present—Pigott, Jr., P.J., Kehoe, Martoche, Smith and Pine, JJ.