# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

907

KA 10-00467

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, GREEN, AND GORSKI, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

JOSHUA L. MILLER, DEFENDANT-APPELLANT.

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

JOSEPH V. CARDONE, DISTRICT ATTORNEY, ALBION (KATHERINE BOGAN OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------

Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered November 23, 2009. The judgment convicted defendant, upon his plea of guilty, of attempted assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [2]), defendant contends that County Court made an insufficient inquiry regarding his waiver of the right to appeal and thus that the waiver is invalid. We reject defendant's contention. The court need not engage in any particular litany regarding a waiver of the right to appeal, so long as the court "make[s] certain that a defendant's understanding of the terms and conditions of a plea agreement is evident on the face of the record" (*People v Lopez*, 6 NY3d 248, 256). Here, the record establishes that defendant's waiver of the right to appeal was made knowingly, intelligently, and voluntarily (*see id.*; *People v Schenk*, 77 AD3d 1417, *lv denied* 15 NY3d 924, 16 NY3d 836). Although the valid waiver of the right to appeal does not encompass defendant's further contention that the *Alford* plea was not knowingly, intelligently or voluntarily entered, defendant failed to preserve that contention for our review by failing to move to withdraw his plea or to vacate the judgment of conviction (*see People v McKeon*, 78 AD3d 1617, 1618, *lv denied* 16 NY3d 799). In any event, that contention is without merit. Despite his denials of guilt, defendant stated clearly on the record that he wanted to enter a guilty plea to avoid the possibility of a more severe sentence in the event that the case proceeded to trial. Defendant's statements demonstrate that his decision to enter a guilty plea despite his purported innocence was "the product of a voluntary and rational

choice," and thus the *Alford* plea was proper (*Matter of Silmon v Travis*, 95 NY2d 470, 475; *see People v Hinkle*, 56 AD3d 1210).

Defendant contends that the People breached the plea agreement by making a sentencing recommendation.  Although defendant's valid waiver of the right to appeal does not encompass that contention (*see People v Vancise*, 302 AD2d 864), defendant failed to preserve it for our review by failing to object to the People's recommendation during sentencing (*see People v Stripling*, 136 AD2d 772, 773).  In any event, defendant's contention is without merit.  The prosecutor stated during the plea colloquy that there was no sentencing promise, but the prosecutor never agreed to refrain from making a sentencing recommendation (*cf. People v Tindle*, 61 NY2d 752, 753-754; *People v Hoeltzel*, 290 AD2d 587, 587-588).  The valid waiver of the right to appeal also does not encompass defendant's further contention that the court erred in determining the amount of restitution.  Defendant, however, waived his right to a hearing on restitution and thus failed to preserve that contention for our review (*see People v Jorge N.T.*, 70 AD3d 1456, 1457, *lv denied* 14 NY3d 889), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Finally, the valid waiver of the right to appeal does not encompass defendant's challenge to the severity of the sentence because he waived his right to appeal before being advised of the maximum possible sentence (*see People v Martinez*, 55 AD3d 1334, *lv denied* 11 NY3d 927).  We nevertheless conclude that the sentence is not unduly harsh or severe.

Entered:  September 30, 2011                    Patricia L. Morgan
                                                Clerk of the Court