# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

390

KA 09-01812

PRESENT: SMITH, J.P., CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                                    MEMORANDUM AND ORDER

JAMES A. RIOS, DEFENDANT-APPELLANT.

---

PETER J. DIGIORGIO, JR., UTICA, FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered April 17, 2009. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree and criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the third degree (Penal Law § 140.20) and criminal possession of a weapon in the second degree (§ 265.03 [2]). We reject defendant's contention that he did not knowingly, voluntarily and intelligently waive his right to appeal. Taking into account "the nature and terms of the [plea] agreement and the age, experience and background of [defendant]" (*People v Seaberg*, 74 NY2d 1, 11), we conclude that the record of the plea colloquy "establish[es] that the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Lopez*, 6 NY3d 248, 256; *cf. People v Moyett*, 7 NY3d 892, 893). Defendant's further contention that his plea was not knowingly and voluntarily entered is actually a challenge to the factual sufficiency of the plea allocution. That challenge "is encompassed by the valid waiver of the right to appeal and is unpreserved for our review inasmuch as [defendant] did not move to withdraw the plea or to vacate the judgment of conviction on that ground" (*People v Bryant*, 87 AD3d 1270, 1271, *lv denied* 18 NY3d 881). In addition, "the waiver by defendant of the right to appeal encompasses his contention that the sentence is unduly harsh and severe" (*People v Ruffins*, 78 AD3d 1627, 1628).

Entered: March 23, 2012                          Frances E. Cafarell
                                                 Clerk of the Court