# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

357

KA 11-00398

PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                   MEMORANDUM AND ORDER

CARMEN C. BURNEY, DEFENDANT-APPELLANT.

---

JAMES L. DOWSEY, III, ELLICOTTVILLE, FOR DEFENDANT-APPELLANT.

LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY (KELLY M. BALCOM OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------

Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), rendered January 31, 2011. The judgment convicted defendant, upon her plea of guilty, of attempted assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [2]). Contrary to defendant's contention, the record shows that she entered a valid waiver of indictment, and freely and voluntarily consented to be prosecuted by way of a superior court information (*see* CPL 195.10, 195.20; *see generally People v Davis*, 84 AD3d 1645, 1646, *lv denied* 17 NY3d 815; *People v McKenzie*, 51 AD3d 823). Although the contention of defendant that her guilty plea was not knowingly, voluntarily and intelligently entered survives her waiver of the right to appeal, defendant did not move to withdraw the plea or to vacate the judgment of conviction and thus failed to preserve that contention for our review (*see People v Russell*, 55 AD3d 1314, 1314-1315, *lv denied* 11 NY3d 930; *People v Harrison*, 4 AD3d 825, *lv denied* 2 NY3d 740). Defendant's further contention that she was denied effective assistance of counsel does not survive either the plea of guilty or the waiver by defendant of the right to appeal because she failed to demonstrate that "the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of [her] attorney['s] allegedly poor performance" (*People v Robinson*, 39 AD3d 1266, 1267, *lv denied* 9 NY3d 869 [internal quotation marks omitted]).

Entered: March 23, 2012                          Frances E. Cafarell
                                                 Clerk of the Court