# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

756

KA 10-02502

PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

BENJAMIN FINCH, DEFENDANT-APPELLANT.

---

JAMES DOWSEY, III, ELLICOTTVILLE (KELIANN M. ELNISKI OF COUNSEL), FOR DEFENDANT-APPELLANT.

LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY (KELLY M. BALCOM OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), rendered September 20, 2010. The judgment convicted defendant, upon his plea of guilty, of arson in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of arson in the third degree (Penal Law § 150.10 [1]). We reject defendant's contention that County Court made an insufficient inquiry regarding his waiver of the right to appeal and thus that the waiver is invalid. "The court need not engage in any particular litany regarding a waiver of the right to appeal, so long as the court 'make[s] certain that a defendant's understanding of the terms and conditions of a plea agreement is evident on the face of the record' " (*People v Miller*, 87 AD3d 1303, 1303, *lv denied* 18 NY3d 926, quoting *People v Lopez*, 6 NY3d 248, 256). Here, the record establishes that defendant's waiver of the right to appeal was knowing, intelligent, and voluntary (*see Lopez*, 6 NY3d at 256; *Miller*, 87 AD3d at 1303).

Defendant failed to preserve for our review his contention that his plea was not voluntarily entered "because . . . he failed to move to withdraw the plea or to vacate the judgment of conviction" (*People v Connolly*, 70 AD3d 1510, 1511, *lv denied* 14 NY3d 886). In any event, that contention lacks merit. The record of the plea colloquy establishes that defendant stated that he understood the nature of the rights that he was relinquishing by pleading guilty, that he had not been coerced into entering the plea, and that he was not promised anything in exchange for his guilty plea. Indeed, he expressly stated that he was entering the plea voluntarily after having sufficient time to consult with his attorney. "[T]he record [thus] establishes that

defendant understood the nature and consequences of his actions"
(*People v Watkins*, 77 AD3d 1403, 1403-1404, *lv denied* 15 NY3d 956).
Defendant's challenge to the validity of his waiver of his *Miranda*
rights is encompassed by his waiver of the right to appeal (*see People
v Kemp*, 94 NY2d 831, 833; *People v Mitchell*, 93 AD3d 1173, 1174).

Finally, we agree with defendant that his challenge to the
jurisdictional requirements of the waiver of indictment and the
superior court information need not be preserved for our review (*see
People v Boston*, 75 NY2d 585, 589 n; *People v Waid*, 26 AD3d 734, 734-
735, *lv denied* 6 NY3d 839), and that his challenge is not precluded by
his valid waiver of the right to appeal (*see Waid*, 26 AD3d at 734-735;
*People v Verrone*, 266 AD2d 16, 18).  Nevertheless, we conclude that
defendant's contention lacks merit.

Entered:  June 8, 2012                        Frances E. Cafarell
                                              Clerk of the Court