# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**638**

**KA 12-01020**

PRESENT: CENTRA, J.P., FAHEY, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

TEVIEAE T. LUGG, DEFENDANT-APPELLANT.

---

REBECCA L. WITTMAN, UTICA, FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered August 19, 2005. The judgment convicted defendant, upon his plea of guilty, of rape in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of rape in the second degree (Penal Law § 130.30 [1]). We note that defendant's challenges to the jurisdictional requirements of the waiver of indictment and the superior court information need not be preserved for our review (*see People v Boston*, 75 NY2d 585, 589 n 2; *People v Finch*, 96 AD3d 1485, 1486; *People v Waid*, 26 AD3d 734, 734-735, *lv denied* 6 NY3d 839), and those challenges are also not precluded by defendant's valid waiver of his right to appeal (*see Finch*, 96 AD3d at 1486; *People v Harris*, 267 AD2d 1008, 1009). Contrary to defendant's contention, however, the record establishes that he entered a valid waiver of indictment, and freely and voluntarily consented to be prosecuted by way of a superior court information (*see* CPL 195.10, 195.20; *People v Burney*, 93 AD3d 1334, 1334; *see generally People v Davis*, 84 AD3d 1645, 1646, *lv denied* 17 NY3d 815). Additionally, defendant's contention that the superior court information was jurisdictionally defective lacks merit (*see generally* CPL 200.15; *People v Menchetti*, 76 NY2d 473, 475).

Defendant's challenge to the factual sufficiency of the plea allocution is encompassed by the valid waiver of appeal and is unpreserved for our review inasmuch as defendant did not move to withdraw the plea or vacate the judgment of conviction on that ground (*see People v Rios*, 93 AD3d 1349, 1349, *lv denied* 19 NY3d 966). Although the contention of defendant that his guilty plea was not knowingly, voluntarily and intelligently entered survives his waiver of the right to appeal, because defendant did not move to withdraw the

plea or to vacate the judgment of conviction on that ground, he failed to preserve that contention for our review (*see Burney*, 93 AD3d at 1334; *People v Russell*, 55 AD3d 1314, 1314-1315, *lv denied* 11 NY3d 930). Contrary to defendant's contention, this case does not fall within the narrow exception to the preservation requirement set forth in *People v Lopez* (71 NY2d 662, 666). Defendant's further contention that he was denied effective assistance of counsel does not survive either the plea of guilty or the waiver by defendant of the right to appeal because he failed to demonstrate that "the plea bargaining process was infected by [the] allegedly ineffective assistance or that he entered the plea because of his attorney['s] allegedly poor performance" (*People v Robinson*, 39 AD3d 1266, 1267, *lv denied* 9 NY3d 869 [internal quotation marks omitted]; *see Burney*, 93 AD3d at 1334).

Entered:  July 5, 2013                     Frances E. Cafarell
                                           Clerk of the Court