# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**437**

**KA 12-01834**

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

QUENTIN J. HICKS, DEFENDANT-APPELLANT.

---

LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT.

GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered February 27, 2012. The judgment convicted defendant, upon his plea of guilty, of attempted conspiracy in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted conspiracy in the second degree (Penal Law §§ 110.00, 105.15). Contrary to defendant's contention, the waiver of the right to appeal was knowingly, voluntarily, and intelligently entered (*see People v Lopez*, 6 NY3d 248, 256; *People v Rios*, 93 AD3d 1349, 1349, *lv denied* 19 NY3d 966; *People v Wackwitz*, 93 AD3d 1220, 1220-1221, *lv denied* 19 NY3d 868). Defendant further contends that the plea was not knowing, voluntary, and intelligent because he did not admit that he intended to kill the victim. That contention is actually a challenge to the factual sufficiency of the plea allocution, which is encompassed by the valid waiver of the right to appeal (*see People v Schmidli*, 118 AD3d 1491, 1491, *lv denied* 23 NY3d 1067; *People v Gardner*, 101 AD3d 1634, 1634; *Rios*, 93 AD3d at 1349). In any event, defendant also failed to preserve his contention for our review by failing to move to withdraw the plea or vacate the judgment of conviction on that ground (*see People v Lugg*, 108 AD3d 1074, 1075; *Gardner*, 101 AD3d at 1634).

Defendant failed to preserve for our review his contention that County Court improperly delegated its duty to conduct the plea allocution to defense counsel (*see People v Swontek* [appeal No. 1], 289 AD2d 989, 989, *lv denied* 97 NY2d 762). In any event, that contention and defendant's related contention that his right to counsel was violated are without merit (*see People v Rossborough*, 105 AD3d 1332, 1334, *lv denied* 21 NY3d 1045). Finally, the waiver of the

right to appeal encompasses defendant's contention that the sentence is unduly harsh and severe (*see People v Hidalgo*, 91 NY2d 733, 737).