# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1431

KA 13-00574

PRESENT: SCUDDER, P.J., SMITH, CENTRA, PERADOTTO, AND CARNI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

KEVIN M. CAMP, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JAMES B. RITTS OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered February 6, 2013. The judgment convicted defendant, upon his plea of guilty, of rape in the first degree and disseminating indecent material to minors in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of rape in the first degree (Penal Law § 130.35 [4]) and two counts of disseminating indecent material to minors in the second degree (§ 235.21 [3]). Defendant failed to move to withdraw his plea or to vacate the judgment of conviction, and he therefore failed to preserve for our review his contention that the plea was improperly entered (*see People v McNair*, 13 NY3d 821, 822; *People v Lopez*, 71 NY2d 662, 665; *People v Pitcher*, 126 AD3d 1471, 1472, *lv denied* 25 NY3d 1169). This case does not fall into the "rare exception to the preservation requirement set forth in *Lopez* because nothing in the plea allocution calls into question the voluntariness of the plea or casts 'significant doubt' upon his guilt" (*Pitcher*, 126 AD3d at 1472). Defendant waived his right to a hearing on restitution and therefore failed to preserve for our review his contention that County Court erred in its determination of the amount of restitution (*see People v Miller*, 87 AD3d 1303, 1304, *lv denied* 18 NY3d 926; *People v Roots*, 48 AD3d 1031, 1032). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see Miller*, 87 AD3d at 1304). Defendant also failed to preserve for our review his contention that the court erred in imposing a collection surcharge of 10%, rather than 5%, of the amount of restitution, and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see*

*People v Kosty*, 122 AD3d 1408, 1409, *lv denied* 24 NY3d 1220; *People v Kirkland*, 105 AD3d 1337, 1338-1339, *lv denied* 21 NY3d 1043).

Defendant next contends that the court did not comply with CPL 400.15 in sentencing him as a second violent felony offender. Defendant failed to preserve that contention for our review (*see People v Judd*, 111 AD3d 1421, 1423, *lv denied* 23 NY3d 1039; *see also People v Loper*, 118 AD3d 1394, 1395, *lv denied* 25 NY3d 1204) and, in any event, it lacks merit. Although the court misspoke when it asked defendant if he was a second felony offender rather than a second violent felony offender, the People filed a second violent felony offender statement pursuant to CPL 400.15 (2). In addition, defendant was asked, and he admitted, that he was convicted of the prior offense, which was a violent felony (*see* CPL 400.15 [3]). We thus conclude that there was substantial compliance with CPL 400.15 (*see People v Myers*, 52 AD3d 1229, 1230). To the extent that defendant's contention that he was denied effective assistance of counsel survives his plea of guilty (*see People v Robinson*, 39 AD3d 1266, 1267, *lv denied* 9 NY3d 869), we reject that contention. The record establishes that defendant received "an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (*People v Ford*, 86 NY2d 397, 404; *see People v Arney*, 120 AD3d 949, 950). Finally, the sentence is not unduly harsh or severe.

Entered:  December 23, 2015                    Frances E. Cafarell
                                               Clerk of the Court