# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**845**

**KA 15-01171**

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                             MEMORANDUM AND ORDER

LATEEK NEWTON, DEFENDANT-APPELLANT.

---

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR DEFENDANT-APPELLANT.

DONALD G. O'GEEN, DISTRICT ATTORNEY, WARSAW (ERIC R. SCHIENER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Wyoming County Court (Michael M. Mohun, J.), rendered November 19, 2014. The judgment convicted defendant, upon his plea of guilty, of attempted promoting prison contraband in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of attempted promoting prison contraband in the first degree (Penal Law §§ 110.00, 205.25 [2]), defendant contends that his guilty plea was not voluntary, knowing and intelligent because County Court failed to inquire into a possible defense. That contention is actually a challenge to the factual sufficiency of the plea allocution (*see generally People v Hicks*, 128 AD3d 1358, 1359, *lv denied* 27 NY3d 999; *People v Rios*, 93 AD3d 1349, 1349, *lv denied* 19 NY3d 966), and is therefore encompassed by defendant's valid waiver of the right to appeal (*see People v Jamison*, 71 AD3d 1435, 1436, *lv denied* 14 NY3d 888; *People v Peters*, 59 AD3d 928, 928, *lv denied* 12 NY3d 820; *see generally People v Lopez*, 6 NY3d 248, 256). Moreover, that contention is not preserved for our review inasmuch as defendant failed to move to withdraw his plea or to vacate the judgment of conviction (*see People v Lopez*, 71 NY2d 662, 665; *People v Lugg*, 108 AD3d 1074, 1075). This case does not fall within the rare exception to the preservation requirement inasmuch as the plea allocution neither negated an essential element of the crime nor otherwise cast doubt on the voluntariness of the plea (*see Lopez*, 71 NY2d at 666).

To the extent that defendant's contention that he was denied effective assistance of counsel survives his guilty plea and valid waiver of the right to appeal (*see People v Strickland*, 103 AD3d 1178, 1178), we conclude that it is without merit. "In the context of a

guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (*People v Ford*, 86 NY2d 397, 404), and that is the case here (*see People v Garner*, 86 AD3d 955, 956).

Entered:  October 7, 2016                    Frances E. Cafarell
                                             Clerk of the Court