People v Henderson (2018 NY Slip Op 04146)





People v Henderson


2018 NY Slip Op 04146


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, AND NEMOYER, JJ.


523 KA 14-00336

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERT W. HENDERSON, JR., DEFENDANT-APPELLANT. 






D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT.
GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Oswego County Court (Donald E. Todd, J.), rendered August 12, 2013. The appeal was held by this Court by order entered June 17, 2016, decision was reserved, and the matter was remitted to Oswego County Court for further proceedings (140 AD3d 1761). The proceedings were held and completed. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: We previously held this case, reserved decision and remitted the matter to County Court to conduct a reconstruction hearing with respect to the portions of the plea proceeding that were not transcribed because of the inaudibility of the digital recording (People v Henderson, 140 AD3d 1761, 1761 [4th Dept 2016]). During the reconstruction hearing, the former prosecuting attorney and defendant's former attorney testified with respect to their recollections of defendant's answers to questions, stating that defendant had responded affirmatively to all of the court's questions. In its decision following the reconstruction hearing, the court, which had presided over the original plea proceeding, found that, during portions of the plea proceeding that were transcribed as either "inaudible" or "no verbal response," defendant had actually responded affirmatively to the court's questions, indicating that he understood the court's questions specifically and the proceedings generally. Based on the record of the reconstruction hearing and the original plea proceeding, we now affirm.
Contrary to defendant's contention, the record establishes that he knowingly, voluntarily and intelligently waived his right to appeal and that he had "a full appreciation of the consequences" of that waiver (People v Seaberg, 74 NY2d 1, 11 [1989]; see generally People v Lopez, 6 NY3d 248, 256 [2006]). In addition, "defendant's history of mental illness did not invalidate the waiver of the right to appeal inasmuch as there was no showing that defendant was uninformed, confused or incompetent when he waived his right to appeal" (People v Brand, 112 AD3d 1320, 1321 [4th Dept 2013], lv denied 23 NY3d 961 [2014] [internal quotation marks omitted]). The valid waiver of the right to appeal forecloses defendant's challenge to the severity of the sentence inasmuch as "there [was] a specific sentence promise at the time of the waiver" (People v Brown, 115 AD3d 1204, 1206 [4th Dept 2014], lv denied 23 NY3d 1060 [2014] [internal quotation marks omitted]; see generally Lopez, 6 NY3d at 255).
Defendant further contends that the court erred in failing to order a competency hearing sua sponte and that defense counsel was ineffective in failing to request such a hearing. Although those contentions survive the plea and the valid waiver of the right to appeal to the extent that they implicate the voluntariness of the plea (see People v Stoddard, 67 AD3d 1055, 1055 [3d Dept 2009], lv denied 14 NY3d 806 [2010]; People v Jermain, 56 AD3d 1165, 1165 [4th Dept 2008], lv denied 11 NY3d 926 [2009]), and they need not be preserved for our review (see People v Winebrenner, 96 AD3d 1615, 1615-1616 [4th Dept 2012], lv denied 19 NY3d 1029 [2012]; but see People v Chavis, 117 AD3d 1193, 1194 [3d Dept 2014]), we nevertheless [*2]conclude that the contentions lack merit. Generally, "[a] defendant is presumed competent . . . , and the court is under no obligation to issue an order of examination . . . unless it has reasonable ground . . . to believe that the defendant was an incapacitated person' " (People v Morgan, 87 NY2d 878, 880 [1995]). Moreover, "a history of psychiatric illness does not in itself call into question defendant's competence' to proceed" (People v Carpenter, 13 AD3d 1193, 1194 [4th Dept 2004], lv denied 4 NY3d 797 [2005], quoting People v Tortorici, 92 NY2d 757, 765 [1999], cert denied 528 US 834 [1999]).
We conclude, on the record of the reconstruction hearing and the original plea proceeding, that nothing in the plea proceeding established that defendant's mental illness or alleged failure to take medication related thereto "so stripped [defendant] of orientation or cognition that he lacked the capacity to plead guilty" (People v Alexander, 97 NY2d 482, 486 [2002]). He "responded appropriately to questioning by the court . . . and was unequivocal in assuring the court that he understood the meaning of the plea proceeding, and the implications of his decision to accept the plea agreement' " (People v Yoho, 24 AD3d 1247, 1248 [4th Dept 2005]; see People v Hibbard, 148 AD3d 1538, 1539 [4th Dept 2017]). In addition, the court noted in its decision following the reconstruction hearing that it had held "an extensive dialog[ue] with [defendant] regarding his mental health status," after which the court was assured that defendant understood the proceedings. Thus, the court did not err in failing sua sponte to conduct a competency hearing, and defense counsel was not ineffective in failing to request a competency hearing (see People v Jorge N.T., 70 AD3d 1456, 1457 [4th Dept 2010], lv denied 14 NY3d 889 [2010]).
Although defendant's contention that the waiver of indictment was jurisdictionally defective because it was not voluntarily, intelligently or knowingly entered and the written waiver was not signed in open court is not precluded by the valid waiver of the right to appeal and does not require preservation (see People v Waid, 26 AD3d 734, 734-735 [4th Dept 2006], lv denied 6 NY3d 839 [2006]), we nevertheless conclude that the contention lacks merit. The record establishes that defendant "entered a valid waiver of indictment, and freely and voluntarily consented to be prosecuted by way of a superior court information" (People v Lugg, 108 AD3d 1074, 1074 [4th Dept 2013]; see CPL 195.10), and following the reconstruction hearing the court " expressly found that defendant had executed the waiver in open court,' " as required by CPL 195.20 (People v Myers, 145 AD3d 1596, 1597 [4th Dept 2016], 
lv granted 29 NY3d 1093 [2017]).
Finally, defendant contends that his plea was not knowingly, voluntarily or intelligently entered due to his history of mental illness. Although that contention survives the valid waiver of the right to appeal (see People v Watkins, 77 AD3d 1403, 1403 [4th Dept 2010], lv denied 15 NY3d 956 [2010]), that contention is not preserved for our review (see People v Williams, 124 AD3d 1285, 1285 [4th Dept 2015], lv denied 25 NY3d 1078 [2015]; Carpenter, 13 AD3d at 1194), and this case does not fall within the rare exception to the preservation requirement set forth in People v Lopez (71 NY2d 662, 666 [1988]). In any event, the record of the reconstruction hearing and the original plea proceeding establishes that the plea was knowingly, voluntarily and intelligently entered (see People v Finch, 96 AD3d 1485, 1486 [4th Dept 2012]; Watkins, 77 AD3d at 1403-1404).
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court