People v Angel (2021 NY Slip Op 03001)





People v Angel


2021 NY Slip Op 03001


Decided on May 11, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 11, 2021

Before: Kern, J.P., González, Scarpulla, Mendez, JJ. 


SCI No. 1935/18 Appeal No. 13788 Case No. 2019-1311 

[*1]The People of the State of New York, Respondent,
v
Terry Angel, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Heidi Bota of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Felicia A. Yancey of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Bahaati E. Pitt, J. at plea; Laurence E. Busching, J. at sentencing), rendered October 17, 2018, convicting defendant of aggravated criminal contempt, and sentencing him, as a second felony offender, to a term of 2½ to 5 years, unanimously reversed, on the law, the plea vacated, the superior court information dismissed, and the matter remanded to Supreme Court for further proceedings on the felony complaint.
The initial felony complaint charged defendant with two counts of criminal contempt in the first degree, and one count each of assault in the third degree and harassment in the second degree. Defendant subsequently agreed to waive prosecution by indictment and plead guilty to one count of aggravated criminal contempt, an offense greater than that charged in the original felony complaint. Because the only offense contained in the superior court information was not an offense for which defendant was held for grand jury action, or a lesser included offense, the superior court information was jurisdictionally defective (see People v Zanghi, 79 NY2d 815 [1991]; People v Pierce, 14 NY3d 564 [2010]; People v Ashe, 74 AD3d 503, 503-04 [1st Dept 2010], affd 15 NY3d 909 [2010]). 
The fact that the felony complaint was amended to include a charge for aggravated criminal contempt does not require a different result. The superior court information is still defective because it included higher offenses for which defendant was not held for grand jury action (see CPL 195.20). Moreover, the People's novel argument that defendant was "functionally" held for aggravated criminal contempt based upon the elements of the other charges in the original felony complaint is foreclosed by Zanghi (79 NY2d at 818).
In light of this determination, we need not reach defendant's remaining arguments.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 11, 2021