People v Perkins (2024 NY Slip Op 04361)

People v Perkins

2024 NY Slip Op 04361

Decided on September 05, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 05, 2024

Before: Singh, J.P., Moulton, Mendez, Rosado, Michael, JJ. 

SCI No. 385/17 Appeal No. 2288 Case No. 2019-2046 

[*1]The People of the State of New York, Respondent,
v
Robin Perkins, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Harold V. Ferguson, Jr. of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Bridget White of counsel), for respondent.

Judgment, Supreme Court, New York County (Larry Stephen, J., at plea; Curtis J. Farber, J., at sentencing), rendered December 20, 2018, convicting defendant of robbery in the third degree, and sentencing him to a term of one year, reversed, on the law, and the superior court information dismissed.
Defendant was charged in a felony complaint with fourth-degree grand larceny (Penal Law § 155.30[5]), petit larceny (Penal Law § 155.25), and fifth-degree criminal possession of stolen property (Penal Law § 165.40) based on allegations that, on May 6, 2016, he snatched a cell phone from another person. The felony complaint did not state that defendant used any force or charge him with an offense that required the use of force. Defendant waived his right to be prosecuted by indictment and consented to be prosecuted by a superior court information (SCI) charging him with third-degree robbery (Penal Law § 160.05) and petit larceny. Third-degree robbery requires the use of force, which is an aggravating element. Defendant pleaded guilty to the SCI and waived his right to appeal.
Defendant now argues that the SCI was jurisdictionally defective and that his plea must be vacated because the SCI charged him with a higher level offense than any contained in the felony complaint, that is, robbery in the third degree is a class D felony, whereas grand larceny in the fourth degree, the highest offense charged in the felony complaint is an class E felony.
The improper inclusion of an offense in a waiver of indictment and SCI is a jurisdictional defect that, when raised on direct appeal, requires reversal of the conviction and dismissal of the SCI (see People v Zanghi, 79 NY2d 815, 816 [1991]). "[S]ince an infringement of defendant's right to be prosecuted only by indictment implicates the jurisdiction of the court," we may review defendant's claim even though he consented to and "did not object to being prosecuted on the information he now claims was defective" (id. at 817; see also People v Boston, 75 NY2d 585, 589 [1990]). Similarly, his argument is not waived by his guilty plea (Boston, 75 NY2d at 587) or his waiver of the right to appeal (see People v Verrone, 266 AD2d 16, 18 [1st Dept 1999]).
New York Constitution article I, § 6 governs the procedure for waiving prosecution by indictment. "In 1974, article I, § 6 of the State Constitution was amended to provide a single exception to the constitutional requirement that a person charged with an infamous offense be prosecuted by indictment" (People v Menchetti, 76 NY2d 473, 476 [1990]). As amended, it provides in pertinent part: "No person shall be held to answer for [an] infamous crime . . . unless on indictment of a grand jury, except that a person held for the action of a grand jury upon a charge for such an offense . . . may waive indictment by a grand jury and consent to be prosecuted on an information filed by the district attorney" (NY Const, art I, § 6).
The Legislature enacted CPL article 195 to implement [*2]this amendment (L 1974, ch 467; People v Pierce, 14 NY3d 564, 568 [2010]). CPL 195.20 provides, in pertinent part that "[a] waiver of indictment shall be evidenced by a written instrument" that designates "each offense to be charged in the information." "The offenses named [in the SCI] may include any offense for which the defendant was held for action of a grand jury and any offense or offenses properly joinable therewith pursuant to sections 200.20 and 200.40."
A person is "held for the action of a grand jury" with regard to an offense if the offense is charged in a felony complaint on which the person has been arraigned, and there has been a finding after a preliminary hearing (unless waived by the defendant)that there is reasonable cause to believe that such person committed the offense (see People v Clark, 169 AD3d 916, 917 [2d Dept 2019], lv denied 33 NY3d 975 [2019]). "[A] defendant is held for the action of the Grand Jury on the lesser included offenses [of the same crime], as well as a greater offense charged in the felony complaint" (Menchetti, 76 NY2d at 477). CPL 195.20 plainly permits waiver upon an SCI charging only a lesser included offense of the offense charged in the felony complaint (id.). However, the SCI "cannot also include greater offenses, which have additional aggravating elements" (Zanghi, 79 NY2d at 817). The plain language of CPL 195.20 mandates that when joinable offenses are included, the SCI "must, at a minimum, also include at least one offense that was contained in the felony complaint" (id. at 818).
Neither the Court of Appeals nor this Court has directly addressed the issue now before us: whether an SCI that chargesan offense for which a defendant was held for action of a grand jury can also, under CPL 195.20 and consistent with New York Constitution article I, § 6, charge a joinable offense of a higher grade or degree than any contained in the felony complaint.
In People v Coss (178 AD3d 25 [3d Dept 2019]), upon which defendant relies, the Third Department addressed this exact issue and held that to avoid inconsistency withthe NY constitution, a "properly joinable" offense may not, "be included in a waiver of indictment and SCI unless that joinable offense is of an equal or lesser grade or degree than the triggering offense for which the defendant was held for action by a grand jury" (id. at 30). The court noted that "the constitutional waiver provision makes no reference to joinable offenses, providing only that prosecution by an SCI is limited to an offense or offenses for which a person is 'held for the action of the grand jury upon a charge for such an offense.' A literal interpretation of the phrase 'any offense or offenses properly joinable therewith' in CPL 195.20 would permit the circumvention of this constitutional imperative by the simple expedient of permitting the inclusion of joinable offenses in a higher degree or grade that were never charged in a felony complaint. Such a statutory interpretation [*3]is inconsistent with and undermines the protections provided in NY Constitution, article I § 6. It is well settled 'that the legislature in performing its law-making function may not enlarge upon or abridge the Constitution, and that 'courts must avoid, if possible, interpreting a presumptively valid statute in a way that will needlessly render it unconstitutional' " (id. [internal citations omitted]; see People v Allen, 301 NY 287, 290 [1950]; Overstock.com, Inc. v New York State Dept. of Taxation & Fin., 20 NY3d 586, 593 [2013], cert denied 571 US 1071 [2013])
We agree with the Third Department's reasoning and hold that a joinable offense must be of an equal or lesser grade or degree than the offense for which defendant was held for action by a grand jury.[FN1] This holding is consistent with our holding in People v Angel (194 AD3d 497, 498 [1st Dept 2021], lv denied 37 NY3d 990 [2021]), where we found an SCI jurisdictionally defective because the offense charged in the SCI was not an offense for which the defendant was held for grand jury action and of a higher grade than the offense charged in the felony complaint (cf. People v Guerrero, 158 AD3d 548 [1st Dept 2018] lv denied 31 NY3d 1014 [2018]). [FN2]
In short, the New York Constitution article I, § 6 permits prosecution pursuant to an SCI only for "an offense" for which a defendant has been "held for the action of a grand jury". Such an "offense" includes "the lesser included offenses as well as a greater offense charged in the felony complaint" (Menchetti, 76 NY2d at 477), but does not include a greater offense, not charged in the felony complaint, which has additional aggravating elements(Zanghi, 79 NY2d at 817). Permitting inclusion in an SCI of an offense of a higher grade than any charged in the felony complaint "would permit circumvention of" the "constitutional imperative" of prosecution by indictment (Coss, 178 AD3d at 30).
Here, the inclusion of the third-degree robbery charge in the SCI renders it jurisdictionally defective because it is a higher-grade offense than any contained in the felony complaint and because it charges an offense which has an additional aggravating
element. Contrary to the prosecution's argument, the fact that the SCI originally contained the petit larceny charge from the felony complaint does not cure its defect.
We have considered the parties' remaining arguments and find them unavailing.
All concur except Michael, J. who dissents
in a memorandum as follows:

MICHAEL, J. (dissenting)
 

Contrary to the majority's holding, the superior court information (SCI) charging defendant with third-degree robbery and petit larceny [FN3] was not jurisdictionally defective merely because third-degree robbery is a higher-grade offense than any of the offenses charged in the felony complaint. Finding otherwise is directly at odds with controlling precedent by this Court.
New York Constitution article I, § 6 provides, in pertinent part, that "[n]o person shall be [*4]held to answer for [a felony] . . . unless on indictment of a grand jury, except that a person held for the action of a grand jury upon a charge for such an offense . . . may waive indictment by a grand jury and consent to be prosecuted on an information filed by the district attorney" (emphasis added). CPL 195.20, which implements this constitutional provision, provides that the offenses named in a waiver of indictment "may include any offense for which the defendant was held for action of a grand jury and any offense or offenses properly joinable therewith pursuant to sections 200.20 and 200.40" (emphasis added).
"Read literally, CPL 195.20 does not require that offenses joined with [an offense charged in the felony complaint] be of the same or lesser degree" (People v Pierce, 14 NY3d 564, 575 n 3 [2010]). CPL 200.20 and 200.40 "also do not bar joinder of offenses based on their grade or degree" (id.). Moreover, the language in article I, section 6 of the state constitution is broad. It states that a defendant may waive indictment by a grand jury and consent to be prosecuted on an information (see People v Menchetti, 76 NY2d 473, 477 [1990]).
While the majority argues that permitting a literal interpretation of joinder of offense under CPL 195.20 would be inconsistent and undermine the protections of the New York State Constitution, such reasoning is not supported by precedent in this Appellate Department. For example, in People v Guerrero (158 AD3d 548, 548 [1st Dept 2018], lv denied 31 NY3d 1014 [2018]), which is indistinguishable from this case, this Court held, "The second-degree weapon possession charge in the superior court information was not jurisdictionally defective. Although that charge was greater than the third-degree weapon charge contained in the felony complaint, it was 'properly joinable' (CPL 195.20) with the drug possession charges contained in both the superior court information and the felony complaint."
Put another way, although the second-degree weapon possession charge in the SCI was a higher-grade offense with aggravating elements (e.g., intent to use a weapon unlawfully against another person) than the third-degree weapon possession charge in the felony complaint, this Department held that the SCI was not jurisdictionally defective because the second-degree weapon charge was "properly joinable" with the drug possession charges contained in both the SCI and the felony complaint.
The majority attempts to distinguish Guerrero from this case, but even in People v Coss (178 AD3d 25, 28 [3d Dept 2019]), the Third Department case upon which the majority bases its reasoning, the court cited to Guerrero in recognizing that "[t]he First and Fourth Departments have construed [CPL 195.20] to permit an SCI to charge an offense in a higher degree or grade than the triggering offense, provided that it is properly joinable" (citing Guerrero, 158 AD3d at 548; People v Ashe, 74 AD3d 503, 503 [1st Dept 2010], affd 15 NY3d 909 [*5][2010]; People v Jordan, 67 AD3d 1406, 1406-1407 [4th Dept 2009]).
Moreover, Guerrero is consistent with our prior holding in Ashe (74 AD3d at 503), that "[d]efendant wrongly contend[ed] that the superior court information was jurisdictionally defective because it charged a crime of higher degree than any of the crimes charged in the felony complaint." Instead, the SCI was deemed jurisdictionally defective because the only offense contained in the SCI was not an offense charged in the felony complaint (id.; see also People v Zanghi, 79 NY2d 815, 818 [1991]; People v Angel, 194 AD3d 497, 498 [1st Dept 2021], lv denied 37 NY3d 970 [2021]), which is not the case here.
Here, defendant wrongly contends that the SCI was jurisdictionally defective because it charged a higher-degree offense than any of the crimes charged in the felony complaint. As held by the Court of Appeals, this, standing alone, does not invalidate the waiver of indictment and SCI (see Pierce, 14 NY3d at 572). Although the third-degree robbery charge in the SCI was greater than any charge in the felony complaint, it was "properly joinable" (CPL 195.20) with the petit larceny charge contained in both the SCI and the felony complaint (see Guerrero, 158 AD3d at 548). The offenses were joinable because they were based upon the same act or criminal transaction — namely, defendant snatched a cell phone from the victim's hands, which defendant admitted he forcibly stole from the complaining witness (see CPL 200.20[2][a]; 40.10[2]).
Accordingly, I believe that the SCI was proper, and defendant's conviction based on his plea of guilty to third-degree robbery should be affirmed. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 5, 2024

Footnotes

Footnote 1: Whether joining an offense of any degree pursuant to CPL 195.20 is consistent with article I, § 6 is not before this Court and our decision takes no position on this issue.

Footnote 2: In People v Guerrero (158 AD3d 548) relied on by the prosecution, the constitutional and jurisdictionalissues discussed here were not presented or addressed. 

Footnote 3: Defendant pleaded guilty to the offenses in the SCI to obtain a favorable disposition on condition that he complete a mental health treatment program. He failed to complete the treatment program and was sentenced in accordance with the terms of the conditional plea.