■ Houshang Ahmadi, Appellant, v Greater New York Councils, Inc., Boy Scouts of America, Respondent, et al., Defendants. [724 NYS2d 408] —Order, Supreme Court, Bronx County (Alan Saks, J.), entered on or about January 24, 2000, which, in an action by a teacher for personal injuries sustained when he was pushed by a student during an overnight camping trip, insofar as appealed from, granted defendant-respondent campground owner's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Defendant had no common-law duty to provide additional supervision for the student group using the campground for its outing, relative either to the duty of landowners owed to children on their property (*see, Matson v Town of Milton*, 252 AD2d 919, 921), or to the duty to secure their property against crime (*see, Gill v New York City Hous. Auth.*, 130 AD2d 256, 259-260). Nor can such a duty be found in either the agreement signed by the participating teachers or any prior acts of defendant. Concur—Williams, J. P., Tom, Wallach, Buckley and Friedman, JJ.

■ The People of the State of New York, Respondent, v Richard Rodwin, Appellant. [724 NYS2d 602] —Judgment, Supreme Court, New York County (John Bradley, J.), rendered February 18, 2000, convicting defendant, upon his plea of guilty, of grand larceny in the first degree and four counts of grand larceny in the second degree, and sentencing him to concurrent terms of 5 to 15 years on the first-degree grand larceny conviction and 3 to 9 years on the remaining convictions, and ordering defendant to pay restitution in the amount of $1,631,750, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence on the conviction for grand larceny in the first degree to 3 to 9 years, and otherwise affirmed.

The restitution order was properly made. The requirements of Penal Law § 60.27 were satisfied because defendant did not request a restitution hearing, and the record clearly establishes the evidentiary basis of the specific amounts, which defendant conceded in his plea allocution (*see, People v Kim*, 91 NY2d 407).

We find the sentence excessive to the extent indicated. Concur—Lerner, J. P., Saxe, Buckley, Friedman and Marlow, JJ.