# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**33**

**KA 08-02281**

PRESENT: SMITH, J.P., DEJOSEPH, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

M&M MEDICAL TRANSPORT, INC., DEFENDANT-APPELLANT.

---

DAVID J. PAJAK, ALDEN, FOR DEFENDANT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (THOMAS B. LITSKY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Wayne County Court (Dennis M. Kehoe, J.), rendered September 26, 2008. The judgment convicted defendant, upon a plea of guilty, of grand larceny in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting it, upon its plea of guilty, of grand larceny in the second degree (Penal Law § 155.40 [1]). County Court ordered defendant to pay a fine of $10,000 and $971,267.76 in restitution. We conclude that defendant's challenge to the factual sufficiency of its plea allocution is encompassed by the valid waiver of its right to appeal (*see People v McCrea*, 140 AD3d 1655, 1655, *lv denied* 28 NY3d 933; *People v Oberdorf*, 136 AD3d 1291, 1292, *lv denied* 27 NY3d 1073), and that it is unpreserved for our review in any event (*see People v Lugg*, 108 AD3d 1074, 1075; *see also People v Burney*, 93 AD3d 1334, 1334; *see generally People v Lopez*, 71 NY2d 662, 665). We decline to consider defendant's challenge as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]). Defendant contends that the criminal action should be dismissed in furtherance of justice but, by pleading guilty, it has forfeited its right to raise that issue on appeal (*see People v Smith*, 100 AD3d 936, 937; *People v Guerra*, 123 AD2d 882, 882; *see also People v Harris*, 15 AD3d 848, 848, *lv denied* 4 NY3d 887), and we likewise decline to consider that contention as a matter of our discretion in the interest of justice (*see* CPL 470.15 [3] [c]). In any event, the valid waiver by defendant of the right to appeal encompasses the contention (*see People v Frazier*, 63 AD3d 1633, 1633, *lv denied* 12 NY3d 925).

We reject defendant's contention that the restitution order is illegal (*see* Penal Law § 60.27 [1]; *see also* § 10.00 [7]; *see*

*generally* General Construction Law § 37). Defendant's further contentions that the restitution order is excessive and lacks a record basis are encompassed by the valid waiver of the right to appeal inasmuch as the restitution directive was part of the plea bargain (*see People v Short*, 128 AD3d 1414, 1415, *lv denied* 25 NY3d 1208; *People v King*, 20 AD3d 907, 907; *see generally People v Lopez*, 6 NY3d 248, 255-256), and those contentions are not preserved for our review in any event. Defendant waived its right to a restitution hearing in its written plea agreement (*see People v Candalaria*, 128 AD3d 1414, 1414). Moreover, no objection was raised on behalf of defendant, during the plea proceeding or at sentencing, either to the court's alleged failure to follow proper procedures in ordering restitution (*see People v Horne*, 97 NY2d 404, 414 n 3; *People v Callahan*, 80 NY2d 273, 281), or to the specific amount of restitution ultimately directed by the court (*see Horne*, 97 NY2d at 414 n 3; *People v Favreau*, 69 AD3d 1225, 1226; *People v Milazo*, 33 AD3d 1060, 1061, *lv denied* 8 NY3d 883). In any event, we conclude that defendant's promise in its plea agreement to make restitution in the precise amount subsequently ordered by the court, in explicit agreement with the audit conducted by the People with respect to the sum stolen, furnishes an adequate record basis for the court's directive (*see People v Rodwin*, 283 AD2d 242, 242, *lv denied* 96 NY2d 924; *People v Kelsky*, 144 AD2d 386, 387, *lv denied* 73 NY2d 787; *see generally People v Consalvo*, 89 NY2d 140, 145-146). Finally, we conclude that the amount of restitution is not excessive.

Entered: February 3, 2017                          Frances E. Cafarell
                                                    Clerk of the Court