Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered December 8, 2014. The judgment convicted defendant, upon her plea of guilty, of grand larceny in the second degree.
 

 It is hereby ordered that the judgment so appealed from is unanimously affirmed.
 

 Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of grand larceny in the second degree (Penal Law § 155.40 [1]). We agree with defendant that the waiver of the right to appeal is invalid because “the minimal inquiry made by County Court was insufficient to establish that the court engage [d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice” (People v Hassett, 119 AD3d 1443, 1443-1444 [4th Dept 2014], lv denied 24 NY3d 961 [2014] [internal quotation marks omitted]). In addition, “there is no basis [in the record] upon which to conclude that the court ensured ‘that the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty’ ” (People v Jones, 107 AD3d 1589, 1590 [4th Dept 2013], lv denied 21 NY3d 1075 [2013], quoting People v Lopez, 6 NY3d 248, 256 [2006]).
 

 Defendant contends that there is no basis in the record supporting the amount of restitution and that the court should have conducted a hearing before determining the amount thereof. Defendant failed to preserve that contention for our review by failing to object to the imposition of restitution at sentencing or to request a hearing (see People v M&M Med. Transp., Inc., 147 AD3d 1313, 1314-1315 [4th Dept 2017]; People v Lewis, 114 AD3d 1310, 1311 [4th Dept 2014], lv denied 22 NY3d 1200 [2014]; People v Spossey, 107 AD3d 1420, 1420 [4th Dept 2013], lv denied 22 NY3d 1159 [2014]). In any event, that contention is without merit inasmuch as defendant “concede [d] the facts necessary to establish the amount of restitution as part of [the] plea allocution” (People v Consalvo, 89 NY2d 140, 145 [1996]; see People v Price, 277 AD2d 955, 955-956 [4th Dept 2000]). Contrary to defendant’s further contention, the sentence is not unduly harsh or severe.
 

 Present—Whalen, P.J., Centra, DeJoseph, NeMoyer and Winslow, JJ.