People v Mothersell (2018 NY Slip Op 08876)





People v Mothersell


2018 NY Slip Op 08876


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, CURRAN, AND WINSLOW, JJ.


1452 KA 17-01204

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMES MOTHERSELL, DEFENDANT-APPELLANT. 






LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (NICOLE K. INTSCHERT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, A.J.), rendered June 6, 2017. The judgment convicted defendant, upon his plea of guilty, of grand larceny in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of grand larceny in the fourth degree (Penal Law § 155.30 [5]). County Court issued two orders of restitution, one of which defendant contends must be vacated because there was no mention of it during the plea proceeding and thus the sentence was improperly enhanced, and because there was no record basis to support it. Initially, we disagree with the People that defendant's contention is precluded by the waiver of the right to appeal. Contrary to their assertion, there was no written waiver of the right to appeal. Although there is an oral waiver of the right to appeal, it is invalid inasmuch as the court "conflated the right to appeal with those rights automatically forfeited by the guilty plea" (People v Rogers, 159 AD3d 1558, 1558 [4th Dept 2018], lv denied 31 NY3d 1152 [2018]). As a result, the record does not establish that "defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a guilty plea" (People v Lopez, 6 NY3d 248, 256 [2006]).
We conclude, however, that defendant failed to preserve his contention for our review by failing to object to the order of restitution or request a hearing (see People v Meyer, 156 AD3d 1421, 1421-1422 [4th Dept 2017], lv denied 31 NY3d 985 [2018]; People v Lawson [appeal No. 7], 124 AD3d 1249, 1250 [4th Dept 2015]; People v Lovett, 8 AD3d 1007, 1008 [4th Dept 2004], lv denied 3 NY3d 677 [2004]). We decline defendant's request that we exercise our power to review his contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]). The record establishes that, at sentencing, the parties agreed that an additional criminal charge against defendant would be encompassed by the plea, and the restitution order at issue corresponds to that charge. Contrary to defendant's contention, the restitution order does not render the sentence illegal. While we agree with defendant that there is nothing in the record that shows that the person named in the restitution order is a "victim" within the meaning of Penal Law § 60.27 (4) (b), there is nothing in the record to refute that he is a victim. "[I]t is well established that potential illegality does not trigger the illegal sentence exception to the preservation rule" (People v Graves, 163 AD3d 16, 24 [4th Dept 2018]).
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court