People v Butler (2019 NY Slip Op 01888)





People v Butler


2019 NY Slip Op 01888


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND TROUTMAN, JJ.


26 KA 16-00893

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LISA M. BUTLER, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






ROSEMARIE RICHARDS, SOUTH NEW BERLIN, FOR DEFENDANT-APPELLANT. 
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Steuben County Court (Joseph W. Latham, J.), rendered April 16, 2015. The judgment convicted defendant, upon her plea of guilty, of grand larceny in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting her upon her plea of guilty of two counts of grand larceny in the second degree (Penal Law § 155.40 [1]). In appeal No. 2, defendant appeals from an order directing her to pay restitution to the two victims.
With respect to the judgment in appeal No. 1, we conclude that by pleading guilty, defendant "forfeited [her] right to claim that [she] was deprived of a speedy trial under CPL 30.30" (People v Allen, 159 AD3d 1588, 1588 [4th Dept 2018]; see People v O'Brien, 56 NY2d 1009, 1010 [1982]; People v Walter, 138 AD3d 1479, 1479 [4th Dept 2016], lv denied 27 NY3d 1141 [2016]).
Contrary to defendant's further contention in appeal No. 1, County Court properly denied that part of her omnibus motion seeking to suppress her statements to the police. The suppression court credited the testimony of the People's witnesses at the Huntley hearing, which established that defendant was not "impaired to the level of mania or to the level where [she was] unable to comprehend the meaning of [her] words so as to render [her] statement involuntary" (People v Cummings, 157 AD3d 982, 985 [3d Dept 2018], lv denied 31 NY3d 982 [2018] [internal quotation marks omitted]; see People v Schompert, 19 NY2d 300, 305 [1967], cert denied 389 US 874 [1967]; People v Case, 150 AD3d 1634, 1638 [4th Dept 2017]). We perceive no basis to disturb the court's credibility determination, which is entitled to great deference (see People v Tyler, 166 AD3d 1556, 1556 [4th Dept 2018], lv denied — NY3d — [Jan. 29, 2019]; People v Lee, 165 AD3d 1616, 1617 [4th Dept 2018], lv denied 32 NY3d 1113 [2018]).
With respect to appeal No. 2, we conclude that defendant failed to preserve for our review her contention that the amount of restitution ordered lacks a record basis inasmuch as she "fail[ed] to object to the imposition of restitution at sentencing or to request a hearing" (People v Meyer, 156 AD3d 1421, 1421 [4th Dept 2017], lv denied 31 NY3d 985 [2018]; see People v M & M Med. Transp., Inc., 147 AD3d 1313, 1314-1315 [4th Dept 2017]; People v Paul, 139 AD3d 1383, 1384 [4th Dept 2016], lv denied 28 NY3d 973 [2016]). Moreover, defendant waived that contention because she "expressly consented to the amount of restitution" ordered (People v Lewis, 114 AD3d 1310, 1311 [4th Dept 2014], lv denied 22 NY3d 1200 [2014]; see People v Wright, 79 AD3d 1789, 1790 [4th Dept 2010]).
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court