People v Rodriguez (2019 NY Slip Op 05285)





People v Rodriguez


2019 NY Slip Op 05285


Decided on June 28, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND CURRAN, JJ.


586 KA 17-00613

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JORGE A. FLORES RODRIGUEZ, DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, D.J. & J.A. CIRANDO, PLLC, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Ontario County (Craig J. Doran, J.), rendered December 21, 2016. The judgment convicted defendant, upon his plea of guilty, of identity theft in the first degree, grand larceny in the third degree, attempted grand larceny in the fourth degree, grand larceny in the fourth degree (two counts), attempted grand larceny in the third degree, and petit larceny. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, identity theft in the first degree (Penal Law § 190.80 [1]) and grand larceny in the third degree (§ 155.35 [1]). Contrary to his contention, defendant validly waived his right to appeal (see People v Hoke, 167 AD3d 1549, 1549-1550 [4th Dept 2018], lv denied 33 NY3d 949 [2019]; People v Robinson, 112 AD3d 1349, 1349 [4th Dept 2013], lv denied 23 NY3d 1042 [2014]). Defendant's contention that his plea was "not voluntarily entered because [he] provided only monosyllabic responses to [Supreme] Court's questions is actually a challenge to the factual sufficiency of the plea allocution" (People v Hendrix, 62 AD3d 1261, 1262 [4th Dept 2009], lv denied 12 NY3d 925 [2009]), which is encompassed by the valid waiver of the right to appeal (see People v Alsaifullah, 162 AD3d 1483, 1485 [4th Dept 2018], lv denied 32 NY3d 1062 [2018]).
Defendant's contention that the amount of restitution imposed by the court is unsupported by the record survives the valid waiver of the right to appeal inasmuch as restitution was not included in the terms of the plea agreement (see generally People v Jorge N.T., 70 AD3d 1456, 1457 [4th Dept 2010], lv denied 14 NY3d 889 [2010]). We nonetheless conclude that defendant failed to preserve for our review his contention that the amount of restitution ordered lacks a record basis inasmuch as he "fail[ed] to object to the imposition of restitution at sentencing or to request a hearing" (People v Meyer, 156 AD3d 1421, 1421 [4th Dept 2017], lv denied 31 NY3d 985 [2018]; see People v Butler, 170 AD3d 1496, 1497 [4th Dept 2019]). Moreover, defendant waived that contention because he "expressly consented to the amount of restitution" ordered (People v Lewis, 114 AD3d 1310, 1311 [4th Dept 2014], lv denied 22 NY3d 1200 [2014]; see Butler, 170 AD3d at 1497). Finally, the valid waiver of the right to appeal encompasses defendant's challenge to the severity of his sentence (see People v Lopez, 6 NY3d 248, 255-256 [2006]).
Entered: June 28, 2019
Mark W. Bennett
Clerk of the Court