People v Nesmith (2020 NY Slip Op 04256)





People v Nesmith


2020 NY Slip Op 04256


Decided on July 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND BANNISTER, JJ.


340 KA 17-01482

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARLINDA NESMITH, DEFENDANT-APPELLANT. 






CATHERINE H. JOSH, ROCHESTER, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Joanne M. Winslow, J.), rendered October 24, 2016. The judgment convicted defendant upon her plea of guilty of identity theft in the first degree, criminal possession of stolen property in the fourth degree (two counts) and grand larceny in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of, inter alia, identity theft in the first degree (Penal Law § 190.80 [1]). We affirm.
Defendant's contention that the amount of restitution ordered by Supreme Court lacks a record basis is unpreserved for our review because she did not object to the imposition of restitution at sentencing or request a hearing, and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see People v Briggs, 169 AD3d 1369, 1369-1370 [4th Dept 2019], lv denied 33 NY3d 974 [2019]; People v Sapetko, 158 AD3d 1315, 1315-1316 [4th Dept 2018], lv denied 31 NY3d 1017 [2018]; People v Meyer, 156 AD3d 1421, 1421-1422 [4th Dept 2017], lv denied 31 NY3d 985 [2018]).
Defendant also contends that her plea was not knowingly, voluntarily or intelligently entered because the court did not adequately inform her at the time of the plea that she would be sentenced as a second felony offender or inform her that she could controvert her purported prior felony conviction. Defendant failed to preserve that contention for our review by moving to withdraw her plea or to vacate the judgment (see People v Wilkes, 160 AD3d 1491, 1491 [4th Dept 2018], lv denied 31 NY3d 1154 [2018]), and this case does not fall within the rare exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 666 [1988]). In any event, the record belies defendant's contention. Indeed, the record demonstrates that defendant was made aware at the plea hearing that she would be sentenced as a second felony offender, and that she had the opportunity at sentencing to deny the prior felony conviction or challenge its constitutionality, but declined to do so (see People v Kopy, 54 AD3d 441, 441 [3d Dept 2008]; see generally People v Harris, 61 NY2d 9, 20 [1983]).
Entered: July 24, 2020
Mark W. Bennett
Clerk of the Court